**STATE of Iowa, Plaintiff-Appellee,**

v.

**Gary Lawrence FINK,
Defendant-Appellant.**

**No. 66103.**

Court of Appeals of Iowa.

Jan. 26, 1982.

Douglas F. Staskal, State Appellate Defender's Office, Des Moines, for defendant-appellant.

Thomas J. Miller, Atty. Gen., and M. J. Blink, Asst. Atty. Gen., for plaintiff-appellee.

Heard by OXBERGER, C. J., and DONIELSON, SNELL, CARTER, and JOHNSON, JJ.

PER CURIAM.

Defendant appeals his conviction of second-degree robbery in violation of sec-

tions 711.1 and 711.3, The Code 1979, contending the evidence was insufficient to prove the assault element of robbery and claiming the trial court abused its discretion in ordering defendant's ten-year robbery sentence to run consecutively with the ten-year sentence imposed upon defendant's simultaneous conviction of third-degree sexual abuse. We affirm defendant's conviction of second-degree robbery and the trial court's order to have defendant's sentences run consecutively rather than concurrently.

The facts of this case are largely undisputed. Andrea Moos, of Waterloo, Iowa, was walking home from a friend's house around 2:30 a. m. on May 17, 1980. As she was walking, a man in a car offered her a ride home. Andrea continued walking without responding to the offer. A few blocks further down the road, the same man drove by Andrea and asked her if "she wanted to smoke a doobie." Without responding, Andrea continued walking and went to a friend's house with the hope of obtaining a ride home. Finding her friend not at home, Andrea continued toward her home.

As Andrea crossed the University Street Bridge in Waterloo, she heard a noise behind her. As she turned around, a man grabbed Andrea's arm and pulled her under the bridge. The man forced Andrea to have oral sex with him and then forced her to engage in sexual intercourse. After raping Andrea, the man asked her if she had any money and where it was. The assailant then took the money. At trial, Andrea identified the defendant, Gary Lawrence Fink, as the man who had raped her.

The trial court found defendant guilty of third-degree sexual abuse and robbery in the second degree. Pursuant to section 902.9(3), The Code 1979, the defendant was sentenced to a term of incarceration not to exceed .ten years on each conviction. The sentencing court also ordered the sentences to run consecutively rather than concurrently.

Defendant appeals his conviction of second-degree robbery, claiming there was insufficient evidence to establish defendant assaulted the victim with the intent to commit theft. Defendant also challenges the sentencing court's order to have the sentences run consecutively, claiming the court abused its discretion. We see no merit in either of defendant's contentions.

■ Reviewing the record in a light most favorable to the State, see *State v. Schrier,* 300 N.W. 305, 306 (Iowa 1981), and accepting as established all legitimate inferences that are fairly and reasonably deduced from the record, *id.,* we find substantial evidence in the record to support the trial court's conclusion defendant committed assault to further the commission of theft. *See State v. Overstreet,* 243 N.W.2d 880, 884 (Iowa 1976). The essence of defendant's argument is the assault was completed before, and independent of, defendant's formulation of an intent to commit theft. While the sexual assault may have been completed before defendant took Andrea's money, defendant used the circumstances of the prior sexual assault to effect the robbery. Defendant's acts clearly "[t]hreatened [Andrea] with or purposely put [her] in fear of immediate serious injury." *See* § 711.1(2), The Code 1979. The record indicates, when defendant demanded Andrea's money, she was afraid he would further hurt her, or even kill her, if she refused to give him the money. We have no problem finding substantial evidence from which the trial court could find the State proved beyond a reasonable doubt defendant intended to commit a theft from Andrea Moos and, at the time of the intended theft, defendant committed an assault upon Andrea Moos to further assist the commission of the theft.

■ Defendant also argues the sentencing court abused its discretion by imposing consecutive rather than concurrent ten-year sentences. We adhere to the view that a sentence within the statutory limits will be set aside only for an abusive exercise of discretion on the part of the trial court. *State v. Peckenschneider,* 236 N.W.2d 344, 348 (Iowa 1975). Defendant's sentence is not argued as exceeding the statutory limits. Therefore we disturb defendant's sentence only if he can show that the trial

court abused its discretion. For a trial court to abuse its sentencing discretion, "the result must be so palpably and grossly violative of fact and logic that it evidences not the exercise of will but perversity of will, not the exercise of judgment but defiance thereof, not the exercise of reason but rather of passion or bias." *State v. Noonan*, 246 N.W.2d 236, 237 (Iowa 1976) (quoting *State v. Warner*, 229 N.W.2d 776, 783 (Iowa 1975) (quoting *Wendel v. Swanberg*, 384 Mich. 468, 475–76, 185 N.W.2d 348, 351 (1971))).

In exercising its discretion, the trial court is to weigh all pertinent matters in determining proper sentence, including the nature of the offense, the attending circumstances, the defendant's age, character and propensities or chances for his reform. The court owes that duty to both the defendant and the public and should exercise the sentencing option that would best accomplish justice for both society and the individual defendant. *State v. Hildebrand*, 280 N.W.2d 393, 396 (Iowa 1979); *State v. Robbins*, 257 N.W.2d 63, 70 (Iowa 1977).

We fail to see how the trial court abused its sentencing discretion. Section 901.8, The Code 1979, permits the trial court to impose consecutive rather than concurrent sentences. *See State v. Smith*, 291 N.W.2d 25, 29 (Iowa 1980). The record is clear on the fact the sentencing court considered the pertinent matters in imposing sentence, including the presentence investigation report on defendant. The court reviewed defendant's record and concluded the interests of society and of defendant would best be served by imposing consecutive rather than concurrent sentences. Accordingly, we affirm the court's imposition of consecutive indeterminate ten-year sentences.

AFFIRMED.