**STATE of Iowa, Appellee,**

v.

**Robert Thomas NEARY, Appellant.**

No. 89–1099.

Supreme Court of Iowa.

May 15, 1991.

Linda Del Gallo, State Appellate Defender, and Ahmet S. Gonlubol, Asst. Appellate Defender, for appellant.

Bonnie J. Campbell, Atty. Gen., Bruce Kempkes, Asst. Atty. Gen., Thomas S. Mullin, County Atty., and Connie E. Anstey, Asst. County Atty., for appellee.

Considered by McGIVERIN, C.J., and LARSON, SCHULTZ, NEUMAN and SNELL, JJ.

McGIVERIN, Chief Justice.

We must decide whether the district court erred in refusing to impose a mandatory minimum prison term on defendant Robert Thomas Neary after his conviction for possession of cocaine with intent to deliver. The court of appeals believed the sentence was in error. We conclude, however, that the sentence imposed by the district court complied with the applicable sentencing statutes and was not an abuse of discretion. Accordingly, we affirm in part and vacate in part the court of appeals decision and affirm the district court judgment.

I. *Background facts and proceedings.* Defendant was convicted of possession of cocaine with intent to deliver, *see* Iowa Code § 204.401(1) (1989), and was sentenced to an indeterminate prison term not to exceed ten years. *See* Iowa Code § 902.9(3). Defendant appealed, contending the district court erred in overruling his pretrial motion to suppress evidence obtained during a search of his home conducted pursuant to a search warrant. The State cross-appealed, challenging the trial court's decision not to impose a mandatory minimum prison term of one-third of the maximum indeterminate sentence prescribed by law. *See* Iowa Code § 204.413.

We transferred the case to the court of appeals. That court affirmed the district court's ruling on defendant's motion to suppress, but agreed with the State on the sentencing issue and remanded the case with instructions that the trial court impose a mandatory minimum prison term of one-third of the ten year indeterminate sentence ordered by the trial court.

Defendant applied for further review. We refused to disturb the court of appeals decision concerning the motion to suppress but we did grant defendant's application concerning the sentencing issue, which we now consider.

II. *The proper sentence.* The district court, relying on Iowa Code sections 204.413, 901.10 and 902.9(3), sentenced defendant to an indeterminate prison term not to exceed ten years for his conviction under section 204.401(1)(a) (1989), a class "C" felony.

The court, in sentencing defendant, initially applied section 902.9(3) which requires that persons found guilty of a class "C" felony must be sentenced to an indeterminate prison term not to exceed ten years. *See State v. Link,* 341 N.W.2d 738, 740 (Iowa 1983).

The court then analyzed whether it could appropriately impose a mandatory minimum prison term less than that required by section 204.413 which states that a person sentenced pursuant to section 204.401(1)(a) "shall not be eligible for parole until the person has served a minimum period of confinement of one-third of the maximum indeterminate sentence prescribed by law."

Relying on Iowa Code section 901.10, the court determined that it had authority to impose a mandatory minimum prison term less than that stated in section 204.413. Section 901.10 states:

A court sentencing a person for the person's first conviction under section 204.406, 204.413, or 902.7 may, at its discretion, sentence the person to a term less than provided by the statute if miti-

gating circumstances exist and those circumstances are stated specifically in the record. However, the state may appeal the discretionary decision on the grounds that the stated mitigating circumstances do not warrant a reduction in sentence.

The court, applying section 901.10, imposed no mandatory minimum prison term. In imposing sentence, the court was aware that defendant had been convicted in 1973 in Arizona for possession of heroin, a felony. In addition, the court fully complied with Iowa Rule of Criminal Procedure 22(3)(d) in stating on the record its reasons for selecting the particular sentence.

The State challenges the district court's decision not to sentence defendant to a mandatory minimum prison term on two grounds.

A. *Meaning of section 901.10.* The State asserts that the legislature's intent was to allow only those persons without *any* prior felony convictions the opportunity to avoid the mandatory minimum prison term required by section 204.413. The State argues that defendant's 1973 Arizona conviction for possession of heroin is a prior conviction within the statute's contemplation and, thus, section 901.10 cannot be applied to reduce the minimum prison term required by section 204.413.

When the language of a statute is unambiguous, we must look to what the legislature said rather than what it should or might have said. *See* Iowa R.App.P. 14(f)(13); *Saadiq v. State*, 387 N.W.2d 315, 319 (Iowa 1986). We are not permitted to search beyond the express terms of a statute when the language is plain and its meaning is clear. *Id.* Section 901.10 explicitly gives the court discretion to sentence a person to a prison term less than that imposed by section 204.413 if it is the person's first conviction under that statute. We see no reason why we should construe section 901.10 to mean something other than what it states. If the legislature had meant section 901.10 to be read as the State suggests, it could have written the statute in that manner. *See, e.g.,* Iowa Code § 902.8 (habitual offender is any person convicted of a class "C" or a class "D"

felony who has twice before been convicted of any felony in a court of this or any other state, or of the United States).

B. *Exercise of sentencing discretion.* The State further argues that even if the district court possessed discretion in this case to waive the mandatory minimum sentence imposed by section 204.413, the mitigating circumstances identified by the district court do not warrant such a reduction in sentence. Section 901.10 provides that the court may sentence a person to "a term less than provided by [section 204.413] if mitigating circumstances exist and those circumstances are stated specifically in the record." The court recognized the following mitigating circumstances in sentencing defendant to a term less than that provided by section 204.413: defendant had gone a long period of time without any drug related problems; defendant's ability to rehabilitate may be enhanced by the opportunity for community-based rehabilitation; and defendant's personal record indicates that he will respond to treatment and be a worthwhile member of the community.

When a sentence is imposed within statutory limits, it will be set aside only for an abuse of discretion. An abuse of discretion will be found only when the discretion is exercised on grounds or for reasons clearly untenable or to an extent clearly unreasonable. *Otteson v. Iowa Dist. Court*, 443 N.W.2d 726, 728 (Iowa 1989). We believe the district court's decision is supported by the record cited above. We, therefore, find no abuse of discretion.

We find no error in the district court's rulings. We, now, affirm in part and vacate in part the court of appeals decision. The judgment of the district court is affirmed.

DECISION OF COURT OF APPEALS AFFIRMED IN PART AND VACATED IN PART; JUDGMENT OF DISTRICT COURT AFFIRMED.