**STATE of Iowa, Appellee,**

v.

**Charles SUMMAGE, Appellant.**

**No. 93–1968.**

Supreme Court of Iowa.

Sept. 20, 1995.

Rehearing Denied Nov. 17, 1995.

Clemens Erdahl, Iowa City, for appellant.

Thomas J. Miller, Attorney General, Mary Tabor, Assistant Attorney General, William E. Davis, County Attorney, and Realff H. Ottesen, Assistant County Attorney, for appellee.

PER CURIAM.

The State challenges the court of appeals' affirmance of the district court's decision not to apply the mandatory minimum sentence to Charles Summage's drug conviction under Iowa Code section 124.401(1)(c) (1993). It claims the district court failed to state sufficient mitigating circumstances on the record. We affirm the decision of the court of appeals and judgment of the district court.

I. *Background Facts and Proceedings.*

The State charged Summage by trial information with possession of cocaine with intent to deliver in violation of Iowa Code section 124.401(1)(c) (1993), failure to affix drug tax stamps in violation of section 453B.12, eluding a marked official law enforcement vehicle in violation of section 321.279, and disobedience of an official traffic control device in violation of section 321.256. Summage pleaded not guilty to all four counts.

On the day of his trial, Summage requested that the court appoint him new counsel. He maintained his defense counsel had been trying to get him to accept the State's plea bargain and had failed to question various witnesses he had recommended. Defense counsel stated she had spent considerable time on the trial and was ready to proceed. She also stated that Summage had missed several appointments with her and had not provided her with his list of possible witnesses until the Friday before trial. The district court treated Summage's request as a motion to continue and denied the request.

The jury found Summage guilty of all four crimes. The court denied Summage's pro se motion for new trial, which was based primarily upon trial counsel's alleged ineffectiveness.

The district court sentenced Summage to up to ten years on the possession-with-intent-to-deliver conviction and a concurrent term of up to five years on the drug-tax-stamp conviction. The court declined to impose the mandatory minimum sentence required by Iowa Code section 124.413 (1993) because Summage did not have a "prior history of involvement with drug dealings." It did, however, run these sentences consecutive to a one-year term imposed on the eluding conviction. Additionally, the court ordered him to pay a twenty-dollar fine for failure to obey a traffic control device. Summage appealed.

On appeal, Summage argued the district court erred in refusing to grant his request for substitute counsel. He contended his trial counsel was ineffective for, primarily, failing to follow his theory of defense. He also contended he was denied effective assistance when his trial counsel failed to: (1) prevent the introduction of evidence a confidential informant told police officers he was a drug dealer; (2) properly impeach a police officer's testimony; (3) obtain all police records and photographs; (4) properly cross-examine the fingerprint expert; and (5) introduce the proper exhibit to verify his occupation. The State cross-appealed, arguing the trial court erred in failing to impose the mandatory minimum sentence on the charge of possession with intent to deliver.

The court of appeals affirmed on all issues. It determined the trial court did not abuse its discretion in refusing to appoint substitute counsel. It noted Summage had not requested substitute counsel until the day of trial. *See State v. Hutchison,* 341 N.W.2d 33, 42 (Iowa 1983) ("Defendant cannot proceed in a manner that will obstruct the trial and deprive the court of its inherent power to properly control and order the procedures."). It further found Summage did not have a justifiable dissatisfaction with his counsel, given his failure to timely provide the names of witnesses and counsel's actions in going out of her way to prepare for trial. Additionally, it found each of Summage's ineffective-assistance-of-counsel claims to be without merit.

The court of appeals also held the trial court did not abuse its discretion in failing to impose the mandatory minimum sentence on the possession charge. It determined that Summage's lack of *prior involvement with*

drug dealings was a sufficient reason for exercising discretion not to impose the minimum sentence. The State challenged this reasoning by application for further review, which we granted.

## II. *Mandatory Minimum Sentence.*

■ Pursuant to Iowa Code section 901.10:

> A court sentencing a person for the person's first conviction under section 124.406, 124.413, or 902.7 may, at its discretion, sentence the person to a term less than [the mandatory minimum] if mitigating circumstances exist and those circumstances are stated specifically in the record.

An abuse of discretion under this statute will only be found if it is "exercised on grounds or for reasons clearly untenable or to an extent clearly unreasonable." *State v. Neary,* 470 N.W.2d 27, 29 (Iowa 1991).

■ Here the trial court chose to waive the mandatory minimum sentence because Summage had "no prior history of involvement with drug dealings." The State claims the court abused its discretion with this sentence because the threshold qualification for the waiver—the person's first conviction—is the same as the mitigating circumstance given—no prior history of drug dealing. It claims the court must give other reasons, apart from the defendant's first-offender status, to justify the waiver. We disagree.

Clearly whether a person has ever been *convicted* of a drug crime is quite different, factually, from whether the record reveals a prior history of drug *involvement.* We view these as independent grounds for exercise of the court's discretion under section 901.10. As we said in *Neary,* "[w]e see no reason why we should construe section 901.10 to mean something other than what it states." *Id.* There is nothing in section 901.10 to limit a court's exercise of discretion where, as here, a first offender's only redeeming trait is his lack of prior drug involvement. Had the legislature intended to disqualify such prior history as a mitigating circumstance, it could have said so.

## III. *Remaining Issues.*

We have thoroughly reviewed Summage's other claims concerning his counsel. All were correctly resolved against him by the court of appeals and do not merit our further attention here. Accordingly, we affirm the judgments and convictions entered on the jury's verdicts.

**DECISION OF COURT OF APPEALS AND JUDGMENT OF DISTRICT COURT AFFIRMED.**

All Justices concur except TERNUS, LARSON and ANDREASEN, JJ., who dissent.

TERNUS, Justice, dissenting.

I respectfully dissent. In applying section 901.10, the court must make an initial determination that the current conviction is the defendant's first drug conviction and then find an *additional* mitigating circumstance to justify a sentence less than the mandatory minimum. I see no real distinction between the conclusion that the defendant had no prior drug conviction, which is a prerequisite to the application of section 901.10, and his lack of prior involvement in drug dealing, which was used as a mitigating circumstance.

I believe the legislature intended that there be mitigating circumstances in addition to the fact that the current conviction is the defendant's first *documented* involvement with drugs. I would vacate the decision of the court of appeals, reverse the judgment of the district court and remand for resentencing.

LARSON and ANDREASEN, JJ., join this dissent.