# IN THE COURT OF APPEALS OF IOWA

No. 14-0352
Filed September 17, 2014

**STATE OF IOWA,**
Plaintiff-Appellee,

**vs.**

**AARON DWANE NESBY,**
Defendant-Appellant.
_____

Appeal from the Iowa District Court for Black Hawk County, George L. Stigler, Judge.

A defendant appeals his sentence, alleging that the court abused its discretion. **AFFIRMED.**

Mark C. Smith, State Appellate Defender, and Robert P. Ranschau, Assistant Appellate Defender, for appellant.

Thomas J. Miller, Attorney General, Tyler J. Buller, Assistant Attorney General, Thomas J. Ferguson, County Attorney, and James Katcher, Assistant County Attorney, for appellee.

Considered by Vaitheswaran, P.J., and Doyle and McDonald, JJ.

**VAITHESWARAN, P.J.**

Aaron Nesby pled guilty to the aggravated misdemeanor crime of assault with intent to commit serious injury. *See* Iowa Code § 708.2(1) (2013). The maximum sentence for an aggravated misdemeanor is imprisonment not to exceed two years. *Id.* § 903.1(2). The prosecutor agreed to recommend suspension of the sentence. The district court, however, sentenced Nesby to 365 days in jail with all but 120 days suspended.

On appeal, Nesby argues "[t]he district court abused its discretion in imposing sentence" and his "sentence should be vacated and the case remanded for re-sentencing." *See* Iowa R. Crim. P. 2.23(3)(d) (requiring court to state on the record its reasons for selecting particular sentence). He does not explain where the abuse of discretion lies. *See State v. Neary*, 470 N.W.2d 27, 29 (Iowa 1991) ("When a sentence is imposed within statutory limits, it will be set aside only for an abuse of discretion.").

On our review of the district court's reasons for the sentence, we discern no abuse of discretion. The court stated 120 days of jail time would be imposed because Nesby drove around with friends and "beat up on people [he] did not even know" who "just simply ha[d] the misfortune of being in [his] line of sight." The court expressed hope that incarceration would "concentrate [his] mind" and convince him to keep his hands off other people. This statement of reasons, albeit terse, complied with the dictate of rule 2.23(3)(d).

**AFFIRMED.**