**IN THE COURT OF APPEALS OF IOWA**

No. 14-1161
Filed October 14, 2015

**STATE OF IOWA,**
        Plaintiff-Appellee,

**vs.**

**VINCENT LEE HANSON,**
        Defendant-Appellant.
_____

Appeal from the Iowa District Court for Story County, Paul B. Ahlers, District Associate Judge.

A defendant appeals from the sentence entered after a plea of guilty to the offense of operating while intoxicated, third or subsequent offense. **AFFIRMED.**

Barry S. Kaplan of Kaplan & Sease, L.L.P., Marshalltown, for appellant.

Thomas J. Miller, Attorney General, Heather Ann Mapes, Assistant Attorney General, Randall J. Tilton, County Attorney, and Kathryn Austin, Assistant County Attorney, for appellee.

Considered by Vaitheswaran, P.J., McDonald, J., and Goodhue, S.J.*

*Senior judge assigned by order pursuant to Iowa Code section 602.9206 (2015).

**GOODHUE, Senior Judge.**

Vincent Lee Hanson appeals from the sentence entered after a plea of guilty to the offense of operating while intoxicated, third or subsequent offense.

## I. Background Facts

On November 8, 2013, Hanson was charged with operating while intoxicated, third or subsequent offense. He entered a guilty plea on April 1, 2014. The presentence investigation report recommended he be sentenced to five years in the custody of the department of corrections, assessed a monetary fine, and ordered to follow the recommendations for treatment or counseling made as a result of the substance abuse evaluation, along with other collateral matters that follow from a guilty plea or finding of guilty to operating while intoxicated, third or subsequent offense.

At sentencing Hanson testified that he had been working in his garage on the day of his arrest. His dog wandered off, and a neighbor about four blocks away called and informed him that he had the dog. Hanson then got into his car and travelled to the neighbor's. A policeman was there and determined that Hanson appeared intoxicated. Tests were administered, and Hanson was charged with operating while intoxicated. Hanson testified he had only drunk twice since the time of his arrest. He testified he was fifty years old, a father of three girls, and regularly employed as a building contractor. He further testified that he had obtained a substance-abuse evaluation, complied with its recommendations, and taken measures to change his lifestyle. Hanson did not contest he had received three prior operating-while-intoxicated charges. The last one had taken place in 2005.

In sentencing Hanson, the court stated that it had taken into consideration Hanson's age, employment history, family circumstances, and criminal history, as well as the information contained in the presentence investigation, and concluded that other than his history of operating while intoxicated, Hanson was a "responsible guy." The court further concluded that his repeated drunk-driving charges constituted bad judgment and, in effect, a danger to the public.

The sentencing court imposed a five-year indeterminate sentence instead of the minimum thirty days of incarceration followed by probation, as Hanson had requested and is permitted by statute. *See* Iowa Code § 321J.2(5)(a) (2013). Hanson contends this was an abuse of discretion.

## II. Error Preservation

A claim that a court abused its discretion in setting a sentence is an exception to the error preservation rules and need not be raised at the trial level. *State v. Thomas*, 520 N.W.2d 311, 313 (Iowa Ct. App. 1994).

## III. Scope of Review

When a sentence is within the parameters permitted by statute, in order to find it excessive on review, an abuse of discretion must be found. *State v. Seats*, 865 N.W.2d 545, 552 (Iowa 2015).

## IV. Discussion

There is no contention that the sentence imposed is not permitted by the operative statute. An abuse of discretion only exists when grounds or reasons for the trial court's discretion are clearly untenable or clearly unreasonable. *State v. Neary*, 470 N.W.2d 27, 29 (Iowa 1991).

In determining the appropriate sentence, the court is mandated to balance the protection of the community from further offenses and maximum opportunity for rehabilitation of the defendant. Iowa Code § 907.5(1). In making that determination, the court is to consider the defendant's age, prior record of convictions, employment, family circumstances, mental health and substance abuse history and treatment options, the nature of the offense, and other appropriate factors. *Id.* The court is required to set out the specific reasons for the sentence imposed. *Id.* § 907.5(2).

The trial court recited what it had taken into consideration. A court is not required to specify acknowledgement of each claim of mitigation. *State v. Boltz*, 542 N.W.2d 9, 11 (Iowa Ct. App. 1995). The trial court specifically noted that being convicted of operating while intoxicated four times reflects bad judgment and creates a danger to the public. That a sentencing court places considerable emphasis on one factor does not establish that it abused its discretion as long as other factors are considered. *State v. Leckington*, 713 N.W.2d 208, 216-17 (Iowa 2006).

We do not believe the sentencing court overly emphasized the nature of the crime. Instead the court was recognizing that evil intent is not required as an element of the crime, but the act is prohibited because of the danger to the public it creates. As long as a sentence is within the statutory limits, a particular sentence is cloaked with a strong presumption in its favor. *State v. Formaro*, 638 N.W.2d 720, 724 (Iowa 2002). We cannot say Hanson has overcome the

presumption of the validity of the sentence or that the sentence imposed is unreasonable or untenable under the circumstances.

**AFFIRMED.**