# IN THE COURT OF APPEALS OF IOWA

No. 15-0241
Filed January 27, 2016

**STATE OF IOWA,**
　　　　Plaintiff-Appellee,

**vs.**

**ALLEN DANIEL SMUCK,**
　　　　Defendant-Appellant.
_____

　　　　Appeal from the Iowa District Court for Hardin County, Paul B. Ahlers,

District Associate Judge.


　　　　A defendant contends the district court abused its discretion in sentencing

him. **AFFIRMED.**



　　　　Melissa A. Nine of Nine Law Office, Marshalltown, for appellant.

　　　　Thomas J. Miller, Attorney General, and Kevin Cmelik and Tyler J. Buller,

Assistant Attorneys General, for appellee.



　　　　Considered by Vogel, P.J., Vaitheswaran and Bower, JJ.

**VAITHESWARAN, Judge.**

Allen Daniel Smuck pled guilty to operating a motor vehicle while intoxicated, second offense. *See* Iowa Code § 321J.2 (2013). The district court sentenced him to a prison term not exceeding two years.

On appeal, Smuck concedes his sentence "was within the statutory limits defined by Iowa law" but argues "the sentencing court failed to give adequate reasons for the sentence imposed." "When a sentence is imposed within statutory limits, it will be set aside only for an abuse of discretion." *State v. Neary*, 470 N.W.2d 27, 29 (Iowa 1991).

The sentencing court articulated several reasons for the sentence:

> Mr. Smuck, my goals are to provide for your rehabilitation and the protection of the community. In trying to achieve those goals, to the extent these details have been made known to me, I have taken into account your age; your employment history; your family circumstances and responsibilities, including your obligations to your children; the nature of the offense and facts and circumstances surrounding it; your prior criminal history, including the fact that this is your sixth lifetime offense and including the fact that you were on probation for your fifth lifetime offense when you committed this crime; [and] the rehabilitation and the protection of the community. . . .
>
> You are hereby committed to the Director of Adult Corrections for a period not to exceed two years. The mittimus on that sentence shall issue immediately, and you are hereby remanded to the custody of the county sheriff for implementation of this sentence and transportation to the Oakdale Medical Classification Center to begin serving your prison sentence. You are to follow any recommendations for treatment or counseling made as a result of your substance abuse evaluation. And you shall enroll and complete the drinking driver's school, if that is not done through your programming in the prison system, as soon as possible within 60 days of the issuance of this order.
>
> . . . .
>
> Mr. Smuck, I'm not going to sit here and lecture you. I think you understand why—or if you don't, you should understand why this sentence is being imposed. I hope [defense counsel's] forecast

is not accurate and that you do not use this term of incarceration as a way to give up on your goal of sobriety and that you don't spend your time just waiting until you can take your next drink. But if that's what you choose to do with this situation, that's your choice.

We discern no abuse of discretion in this statement of reasons. Contrary to Smuck's assertion, the court considered Smuck's prospect for rehabilitation. The court's disposition also did not render treatment and participation in the drinking driver's school an "impossibilit[y]."

We affirm Smuck's sentence for operating a motor vehicle while intoxicated, second offense.

**AFFIRMED.**