# IN THE COURT OF APPEALS OF IOWA

No. 16-1070
Filed February 22, 2017

**STATE OF IOWA,**
        Plaintiff-Appellee,

**vs.**

**JAY E. DENTON,**
        Defendant-Appellant.
_____

Appeal from the Iowa District Court for Scott County, Joel W. Barrows, Judge.

Jay Denton appeals his sentence, arguing an abuse of discretion and improper consideration of an informal presentence investigation report. **AFFIRMED**.

Mark C. Smith, State Appellate Defender, and Melinda J. Nye, Assistant Appellate Defender, for appellant.

Thomas J. Miller, Attorney General, and Sharon K. Hall, Assistant Attorney General, for appellee.

Considered by Mullins, P.J., and Bower and McDonald, JJ.

**MULLINS, Judge.**

Jay Denton was initially charged with second-degree theft. Pursuant to a plea agreement, he pled guilty to third-degree theft. The State agreed that if Denton paid restitution before the sentencing hearing, it would recommend a suspended sentence, but if he failed to pay restitution, the State was free to make any sentencing recommendation. The sentencing hearing was subsequently continued. At the hearing three months later, Denton was unable to pay restitution and asked for another continuance. The court denied his request and proceeded to hearing. The State recommended 240 days in jail, with none suspended. Denton agreed to 240 days in jail but requested the sentence be suspended. The district court ordered 240 days in jail with all but 120 days suspended.

Denton appeals, arguing the district court failed to consider the minimum essential factors before imposing sentence and erred by ordering and relying on an informal presentence investigation (PSI) report. He also argues his trial counsel was ineffective in failing to alert the district court that use of an informal PSI was illegal.

We review a criminal sentence for correction of errors at law. Iowa R. App. P. 6.907; *State v. Valin*, 724 N.W.2d 440, 443–44 (Iowa 2006). When a challenged sentence is within statutory limits, we will set it aside only for an abuse of discretion. *State v. Neary*, 470 N.W.2d 27, 29 (Iowa 1991). "We review ineffective-assistance-of-counsel claims de novo." *State v. Thorndike*, 860 N.W.2d 316, 319 (Iowa 2015). Because we determine the record is adequate,

we will consider Denton's ineffective-assistance-of-counsel claim on direct appeal. *See State v. Buck*, 510 N.W.2d 850, 853 (Iowa 1994).

Denton essentially argues the court did not consider enough factors before imposing sentence in this case. Prior to sentencing, the court received the informal PSI prepared by the district department of correctional services and heard arguments of counsel, which included details of the offense, victim impact, and Denton's current employment and financial circumstances. The PSI revealed a lengthy criminal history of convictions including five assaults or batteries, one of which was a domestic battery; several driving-while-revoked offenses; two aggravated offenses of operating while intoxicated; and disorderly conduct. The court did not adopt the recommendations of either the State or Denton and instead sentenced Denton to 240 days in jail with all but 120 days suspended. It also ordered a fine and applicable surcharges, and suspended the fine. The court stated: "The reason for the sentence is your criminal history, because of your age, and for purposes of protection of the community." The court also found Denton did not have the ability to pay the cost of his court-appointed attorney fees and ordered Denton to obtain a mental-health evaluation and to follow any recommended treatment.

"An abuse of discretion will only be found when a court acts on grounds clearly untenable or to an extent clearly unreasonable." *State v. Hopkins*, 860 N.W.2d 550, 553 (Iowa 2015) (citation omitted). "We give sentencing decisions by a trial court a strong presumption in their favor." *Id.* "A terse and succinct statement is sufficient . . . when the reasons for the exercise of discretion are obvious in light of the statement and the record before the court." *State v.*

*Thacker*, 862 N.W.2d 402, 408 (Iowa 2015). Although the recitation by the court was succinct, when read together with the record before the court and the arguments of counsel, the reasons were sufficient to satisfy us the court exercised its discretion. The sentence imposed by the district court was not clearly untenable or clearly unreasonable.

A PSI is not required for a guilty plea to an aggravated misdemeanor offense but may be ordered by the court. *See* Iowa Code § 901.2 (2014). Section 901.2(1) provides:

> Upon a plea of guilty . . . upon which a judgment of conviction of a public offense may be rendered, the court shall receive from the state, from the judicial district department of correctional services, and from the defendant any information which may be offered which is relevant to the question of sentencing. The court may consider information from other sources.

Except for rules of privilege, the rules of evidence do not apply to sentencing proceedings. Iowa R. Evid. 5.1101(c)(4). The district court did not err when it ordered the district department of correctional services to provide some limited information in the nature of an informal PSI or when it considered that information in determining the appropriate sentence in this matter. Additionally, trial counsel was not ineffective in failing to object to the court's use of an informal PSI.

Pursuant to Iowa Court Rule 21.26(1)(a) and (d), we affirm.

**AFFIRMED.**