# IN THE COURT OF APPEALS OF IOWA

No. 16-1087
Filed May 3, 2017

**STATE OF IOWA,**
    Plaintiff-Appellee,

**vs.**

**EARL LEONARD NELSON JR.,**
    Defendant-Appellant.

_____

Appeal from the Iowa District Court for Polk County, David N. May, Judge.

Earl Nelson Jr. appeals his convictions for burglary in the third degree and possession of burglar's tools. **AFFIRMED.**

Mark C. Smith, State Appellate Defender, and Brenda J. Gohr, Assistant Appellate Defender, for appellant.

Thomas J. Miller, Attorney General, and Martha E. Trout, Assistant Attorney General, for appellee.

Considered by Vaitheswaran, P.J., Tabor, J., and Mahan, S.J.*

*Senior judge assigned by order pursuant to Iowa Code section 602.9206 (2017).

**MAHAN, Senior Judge.**

Earl Nelson Jr. appeals his convictions for burglary in the third degree and possession of burglar's tools, challenging the sufficiency of the evidence to support the jury's findings of guilt and claiming the district court failed to state sufficient reasons for the sentence imposed.

## I.    *Background Facts and Proceedings*

The State charged Nelson with burglary in the third degree, as an habitual offender, and possession of burglar's tools, following a burglary of an Ankeny Best Buy storage unit.  *See* Iowa Code §§ 713.1, 713.6A(1), 713.7, 902.9(1)(c) (2015).  Nelson pled not guilty, and the case proceeded to trial.  The jury found Nelson guilty on both counts, Nelson stipulated to two prior felony convictions to establish his status as an habitual offender, and the district court entered judgment and imposed sentences.  Nelson appeals.  Facts specific to his claims will be set forth below.

## II.    *Standards of Review*

We review challenges to the sufficiency of the evidence for correction of errors at law.  *State v. Howse*, 875 N.W.2d 684, 688 (Iowa 2016).  "In reviewing challenges to the sufficiency of evidence supporting a guilty verdict, courts consider all of the record evidence viewed in the light most favorable to the State, including all reasonable inferences that may be fairly drawn from the evidence."  *State v. Showens*, 845 N.W.2d 436, 439-40 (Iowa 2014) (citation omitted).  The jury's verdict is binding on appeal unless there is an absence of substantial evidence in the record to sustain it.  *State v. Leckington*, 713 N.W.2d 208, 213 (Iowa 2006).  Evidence is substantial if it would convince a rational trier of fact

the defendant is guilty beyond a reasonable doubt. *See Howse*, 875 N.W.2d at 688.

We review Nelson's claim that the district court failed to state sufficient reasons for the sentences imposed for an abuse of discretion. *See State v. Thacker*, 862 N.W.2d 402, 405 (Iowa 2015).

### III. *Sufficiency of the Evidence*

Nelson challenges the sufficiency of the evidence to sustain his convictions.

#### A. *Burglary in the Third Degree*

The jury was instructed the State would have to prove the following elements of burglary in the third degree:

> 1. On or about the 29th day of November, 2015, the person the defendant aided and abetted broke or entered into a Best Buy storage trailer located at 1955 SE Delaware, Ankeny, Iowa.
> 2. The Best Buy storage trailer located at 1955 SE Delaware, Ankeny, Iowa, is an occupied structure as defined in Instruction No. 20.
> 3. The person the defendant aided and abetted did not have permission or authority to break or enter into the Best Buy storage trailer located at 1955 SE Delaware, Ankeny, Iowa.
> 4. The person the defendant aided and abetted did so with the specific intent to commit a theft.

*See* Iowa Code §§ 713.1, 713.6A. The jury was further instructed:

> "Aid and abet" means to knowingly approve and agree to the commission of a crime, either by active participation in it or by knowingly advising or encouraging the act in some way before or when it is committed. Conduct following the crime may be considered only as it may tend to prove the defendant's earlier participation. Mere nearness to, or presence at, the scene of the crime, without more evidence, is not "aiding and abetting." Likewise, mere knowledge of the crime is not enough to prove "aiding and abetting."

*See* Iowa Code § 703.1. According to Nelson, "The State presented zero evidence that Nelson approved and agreed to commit the burglary with [Brian] Nall."

The jury was presented with surveillance video footage from an Ankeny Kum & Go store depicting Nelson and Nall arriving to the store in a white van in the early morning on November 29, 2015. Nelson and Nall entered the store and purchased two drinks, two sandwiches, and cigarettes. The video showed Nelson and Nall leaving Kum & Go at approximately 1:45 a.m.; the Kum & Go store was approximately five to ten minutes from Best Buy.

Shortly after 2:00 a.m., Ankeny police officers responded to an alarm sounding on a storage unit at Best Buy. Officers discovered Nall inside the storage unit. According the Best Buy manager, no one had permission or authority to be in the storage unit or remove anything from it. The officers discovered the white van nearby with its driver's side door open; inside the van, officers found bolt cutters and two bags containing boxes with the address of the Ankeny Best Buy affixed to them. Also inside the van, officers found Nall's cell phone in the console, two drinks from Kum & Go, and an uneaten sandwich.

Just before the officers found Nall inside the storage unit, one of the officers observed a large male in a dark coat and gloves walking away from the storage unit. Officers searched the area and discovered a checkered coat with cigarettes and a cell phone in the front pocket, a mask, gloves, and part of a padlock. The Kum & Go surveillance video depicted Nelson wearing a coat similar to the coat discovered near the scene.

At 3:30 a.m., the Ankeny Walmart store contacted police with information that Nelson was at Walmart, buying a sweatshirt and looking for a taxi ride. Police responded to Walmart and questioned Nelson, who stated he had left his coat in "Robin'[s]" car when she dropped him off at Walmart following an argument. Meanwhile, the cell phone found in the checkered coat rang; the caller was listed as "Robin."

We, like the district court, determine the record contains substantial evidence from which the jury could infer Nelson's participation in the burglary. We affirm on this issue.

### B.     Possession of Burglar's Tools

The jury was instructed the State would have to prove the following elements of possession of burglar's tools:

> 1. On or about the 29th day of November, 2015, the defendant aided and abetted a person who had in his possession bolt cutters.
> 2. The person the defendant aided and abetted intended to use the bolt cutters to commit a burglary.

See id. § 713.7.

According to Nelson, "The piece of the lock that was found near the scene could not be positively identified as the lock from the Best Buy trailer," and "the State failed to prove that Nelson had any knowledge of the bolt cutters being in Nall's possession or that Nall intended to use the bolt cutters to commit a burglary."

The jury was presented with evidence that Nelson drove a white van away from Kum & Go at approximately 1:45 a.m.; the van was located shortly thereafter at the Best Buy storage unit with its driver's side door open. Inside the

van were two different bolt cutters, as well as bags containing stolen property from Best Buy.

Circumstantial and direct evidence are equally probative, *see State v. O'Connell*, 275 N.W.2d 197, 205 (Iowa 1979), and "[i]nferences are a part of our law and the practice of identifying specific inferences that may be drawn from general categories of evidence gives the jury an important focal point and tightens the analysis to eliminate inferences not supported by the evidence." *State v. Ambrose*, 861 N.W.2d 550, 561 (Iowa 2015). Although the State did not confirm the partial padlock the officers discovered was the padlock from the storage unit, it was logical for the jury to find from the evidence that bolt cutters were used to remove the storage unit's padlock. We determine the record contains substantial evidence from which the jury could infer Nelson aided and abetted the possession of burglar's tools. We affirm on this issue.

## IV.    *Sentencing Decision*

Nelson also claims the district court failed to state sufficient reasons for the sentence imposed. Before imposing Nelson's sentences, the district court heard the parties' recommendations and reviewed the presentence investigation report. The court sentenced Nelson to an indeterminate term of incarceration not to exceed fifteen years, with a three-year mandatory minimum, for the charge of burglary in the third degree as an habitual offender and an indeterminate term not to exceed two years for the charge of possession of burglar's tools; the court ordered the sentences be imposed concurrently. The court stated its reasons for the sentences as follows:

> I have considered all the sentencing options provided for in Chapters 901 and 907 of the Iowa Code, and my judgment, relative to sentencing, is based on that which would provide maximum opportunity for your rehabilitation, at the same time protecting the community from further offenses by you and others.
>
> In selecting this particular sentence for you, I have considered your age, prior criminal record, employment history, family circumstances, nature of the offense committed, your interest in rehabilitation, and the potential for rehabilitation.

The court also set forth the same bases for the sentences in the written sentencing order.

Iowa Rule of Criminal Procedure 2.23(3)(d) requires the court to "state on the record its reason for selecting the particular sentence." According to Nelson, the court failed to "elaborate the specific reasons that apply to [him] that would justify the particular sentence imposed." "[T]he nature of the offense; the attendant circumstances; and the defendant's age, character, propensities, and chances of reform are 'minimal essential factors' to be considered when exercising sentencing discretion." *State v. Dvorsky*, 322 N.W.2d 62, 67 (Iowa 1982) (quoting *State v. Hildebrand*, 280 N.W.2d 393, 396 (Iowa 1979)).

Here, the sentences imposed were within statutory limits, *see State v. Neary*, 470 N.W.2d 27, 29 (Iowa 1991) ("When a sentence is imposed within statutory limits, it will be set aside only for an abuse of discretion."), and the court's reasons were "sufficient to enable us to determine if an abuse of discretion occurred." *State v. Boltz*, 542 N.W.2d 9, 11 (Iowa Ct. App. 1995). Discerning no abuse of discretion, we affirm Nelson's sentences.

### *V.*     *Conclusion*

Upon consideration of the issues raised on appeal, we affirm Nelson's convictions and sentences for burglary in the third degree as an habitual offender and possession of burglar's tools.

**AFFIRMED.**