# IN THE COURT OF APPEALS OF IOWA

No. 19-0523
Filed August 5, 2020

**STATE OF IOWA,**
    Plaintiff-Appellee,

**vs.**

**PERRY DEXTER NELSON,**
    Defendant-Appellant.
_____

Appeal from the Iowa District Court for Dubuque County, Mark T. Hostager, District Associate Judge.

The defendant appeals his sentences asserting the court failed to consider minimum essential sentencing factors. **AFFIRMED.**

Sharon D. Hallstoos of Hallstoos Law Office, Dubuque, for appellant.

Thomas J. Miller, Attorney General, and Genevieve Reinkoester, Assistant Attorney General, for appellee.

Considered by Vaitheswaran, P.J., Greer, J., and Blane, S.J.*

*Senior judge assigned by order pursuant to Iowa Code section 602.9206 (2020).

**BLANE, Senior Judge.**

On appeal, Perry Dexter Nelson contends that when imposing sentence, the court failed to consider minimum essential sentencing factors. Based upon our review, we find the trial judge considered the necessary requirements regarding sentencing and affirm.

**I.      Procedural and factual background.**

A jury found Nelson guilty of two counts of assault on a peace officer; one count of assault causing bodily injury; and one count of public intoxication as a third or subsequent offense; as well as two misdemeanor counts of interference with official acts and disorderly conduct. Based upon these convictions, Nelson was also subject to probation revocation of four prior sentences. Following the guilty verdicts, the court ordered a presentence investigation report (PSI) to be prepared by the department of correctional services (DCS). Before sentencing, Nelson filed a "Defendant's Sentencing Memorandum," in which he agreed with the information contained in the PSI and also listed aggravating and mitigating factors for the court's consideration.

The court sentenced Nelson to two year indeterminate terms on each probation revocation to run concurrently for a total of eight years. The court also sentenced Nelson to incarceration on the four convictions in the present case, each individual sentence run concurrently, for a total of 540 days. The court ran this term of incarceration concurrent to the eight years on the probation violations. Nelson appeals.

**II.     Scope and standards of review.**

We review sentences that are within the statutory limits for an abuse of discretion.  *State v. Roby*, 897 N.W.2d 127, 138 (Iowa 2017).  A sentence will not be upset on appellate review unless the defendant demonstrates an abuse of trial court discretion or a defect in the sentencing procedure such as trial court consideration of impermissible factors.[1]  *State v. Wright*, 340 N.W.2d 590, 592 (Iowa 1983).

Sentencing decisions of the district court are cloaked with a strong presumption in their favor, and a sentence will be disturbed by a reviewing court only upon a showing that the district court abused its discretion.  *State v. Johnson*, 513 N.W.2d 717, 719 (Iowa 1994) (citing *State v. Neary*, 470 N.W.2d 27, 29 (Iowa 1991)).  No abuse of discretion will be found unless the defendant shows that such discretion was exercised on grounds or for reasons clearly untenable or to an extent clearly unreasonable.  *Id.*

When imposing a criminal sentence, the court owes a duty to both the defendant and the public.  *State v. Fink*, 320 N.W.2d 632, 634 (Iowa Ct. App. 1982).  After considering all pertinent sentencing factors, the court must select the sentencing option that would best accomplish justice for both society and the individual defendant.  *Id.*  The punishment selected by the court should fit both the crime and the individual.  *State v. Hildebrand*, 280 N.W.2d 393, 396 (Iowa 1979).  The trial court must exercise its discretion.  *Id.* at 396.

---

[1] We note "'a defective sentencing procedure does not constitute an illegal sentence.'"  *Goodwin v. Iowa Dist. Ct. for Davis Cty.*, 936 N.W.2d 634, 644 (Iowa 2019) (quoting *Jefferson v. Iowa Dist. Ct. for Scott Cty.*, 926 N.W.2d 519, 525 (Iowa 2019)).

To ensure that the appellate court can review the sentencing court's decision and determine whether the court exercised its discretion, the court must state on the record its reasons for imposing a particular sentence. Iowa R. Crim. P. 2.23(3)(d); *State v. Jacobs*, 607 N.W.2d 679, 690 (Iowa 2000). The "minimal essential factors" that must be considered and weighed by the sentencing court include the nature of the offense; the attending circumstances; the defendant's age, character, propensities, and chances of reform. *Hildebrand*, 280 N.W.2d at 396; *see* Iowa Code section 907.5 (2019) (standards for release on probation). A sentencing court must also consider any mitigating circumstances relating to a defendant. *State v. Witham*, 583 N.W.2d 677, 678 (Iowa 1998); Iowa Code § 901.3(1)(g) (2019) (contents of presentence investigation).

### III.  Discussion.

Nelson argues that the sentencing judge relied solely on the nature of the offenses and his criminal history in determining the sentence and did not consider the minimum essential factors. We specifically note Nelson does not assert that the imposed sentences are outside those permitted by statute or that the sentencing judge considered an improper factor in imposing sentence.

The record in this case discloses that the sentencing was not some cursory disposition. The court ordered a PSI; the court had reviewed it in preparing to impose sentence. The contents of a PSI, as prescribed by Iowa Code section 901.3 are quite thorough. Nelson also filed his "Defendant's Sentencing Memorandum" that stated no objection to the contents of the PSI.

At the sentencing hearing, the court stated:

> I have read the presentence investigation report. I've read the sentencing memo that [trial counsel] has filed. I've looked at the exhibits. And obviously, I've heard, just like you have, the arguments of the attorneys. I understand you have a disability. You have a seizure disorder. There's no question in my mind about that. All right? So that's a given. I understand you have not had necessarily an easy life, and I do agree with the things that [trial counsel] . . . was saying about trying things short of prison. I do agree with that.
>
> On the flip side, . . . as you've already heard, and you're well aware of your own record, it's atrocious. And [the prosecutor] had a different number, but the PSI report just reported, . . . you've been convicted of thirty-two criminal offenses. And as already been alluded to, a good number of those offenses are the same type that you're in front of me on right now. Assaults, assaults on peace officers, obstructing, interfering, public intoxication.
>
> And I understand in and of themselves normally they're not considered serious or prison-type offenses. But that record is atrocious. I mean, when it's a record of you mixing alcohol into your system and people getting put in danger, whether it's police officers, the public, and in some instances, even yourself when you're fighting with the police, that is highly dangerous.
>
> And the dispositions on your record show numerous jail sentences. It shows probation in the past. The PSI report indicates that you've had probation revoked five times in the past. [Trial counsel] indicated it wasn't clear to him whether you've been on formal probation supervision or not, and the PSI isn't clear on that either as far as I can tell. But they do state in there that the Department of Correctional Services has made numerous referrals in the past. And I don't know if those referrals are a result of you being on probation to them or if those referrals are the result of you being on pretrial supervision to them. But either way, it's the same point: that you have been under their supervision in some form and they've made referrals in the past and they say that your track record is that you've refused those referrals. . . .
>
> And so it appears to me that the criminal justice system here has tried many things with you in the past and you have not taken advantage of them. Your behavior has not changed. And on this record and from what I've heard, I really don't see that continued probation is going to work or be a good use of resources.

The court's statement reveals that before determining Nelson's sentence, it thoroughly considered the minimum essential factors and beyond: the nature and circumstances of the offense, Nelson's personal history and character, his criminal

history, his previous repeated failures to succeed on supervision and in treatment, his chance of reform, and the protection of the community. These reasons were sufficient to support the sentence imposed, and we discern no abuse of the court's discretion. *See Goodwin*, 936 N.W.2d at 648 (finding that "[e]ven a terse and succinct statement is sufficient . . . when the reasons for the exercise of discretion are obvious in light of the statement and the record before the court" (internal quotation marks and citation omitted)). To the extent in his brief Nelson cites to *State v. Hess*, 533 N.W.2d 525, 527–28 (Iowa 1995), and contends the court failed to give specific reasons for imposing consecutive sentences, we likewise reject this argument based on the record.

### IV. Conclusion.

Finding no abuse of discretion, we affirm.

**AFFIRMED.**