# IN THE COURT OF APPEALS OF IOWA

No. 22-0661
Filed June 21, 2023

**STATE OF IOWA,**
        Plaintiff-Appellee,

**vs.**

**AO PAI OO,**
        Defendant-Appellant.
_____

Appeal from the Iowa District Court for Polk County, Scott D. Rosenberg,

Judge.

A defendant appeals the sentence imposed following revocation of a

deferred judgment.  **AFFIRMED.**

Nathan A. Olson of Branstad & Olson Law Office, Des Moines, for appellant.

Brenna Bird, Attorney General, and Bridget A. Chambers, Assistant

Attorney General, for appellee.

Considered by Ahlers, P.J., Badding, J., and Mullins, S.J.*

*Senior judge assigned by order pursuant to Iowa Code section 602.9206

(2023).

**MULLINS, Senior Judge.**

A defendant appeals the sentence imposed following revocation of a deferred judgment for probation violations.

**I.     Background**

Ao Pai Oo pled guilty to one count of second-degree burglary.  In August 2020, the district court granted him a deferred judgment and placed on probation for two years.  A report of probation violation was filed in December.  In August 2021, Oo stipulated to violating his probation as alleged in the report and agreed to thirty days in jail for contempt with continued probation, which the court ordered.  *See* Iowa Code § 908.11(4) (2021).

A second report of probation violation was filed just weeks later.  The matter proceeded to a revocation hearing in April 2022.  At that hearing, Oo stipulated to violating his probation.  The court then questioned Oo:

> And you realize that you have a right to have a hearing on this matter and that the State would have to prove by a preponderance of the evidence that you violated your probation.  Knowing that, do you still wish to stipulate that you are in violation of your probation?

Through an interpreter, Oo answered in the affirmative.

Thereafter, the State recommended revocation of Oo's deferred judgment and imposition of sentence, highlighting his ongoing refusal to comply with probation.  The defense requested continued probation or deferral of disposition.  After the court asked Oo if he wished to make any statements, his interpreter responded: "He said sorry, but then I asked him to repeat it and he said nothing."

Given Oo's failure to comply with probationary requirements, the court found "that the deferred judgment should be canceled and revoked and the

defendant adjudged guilty at this time." The court proceeded to sentence Oo to ten years in prison. The court stated it determined the sentence was "appropriate due to the nature and circumstances of the offense, failure of the defendant to follow the rules on probation, including being absent from any supervision whatsoever." In its written sentencing order, the court added its sentencing decision was based on all available considerations in Iowa Code section 907.5, with the following factors being the most significant: (1) the nature and circumstances of the crime, (2) protection of the public from further offenses, (3) Oo's criminal history and propensity, and (4) his history of probation violations.

Oo appeals. *See State v. Thompson*, 951 N.W.2d 1, 5 (Iowa 2020) (finding good cause to appeal following guilty plea where defendant was challenging "the order revoking deferred judgement and entering a judgment of conviction and sentence").

## II. Analysis

### A. Delay in Sentencing

Oo first argues "the district court . . . abused its discretion by not affording [him] fifteen days between adjudication of guilt and sentencing."[1] We review alleged defects in sentencing procedure for errors at law. *State v. Sandifer*, 570

---

[1] Oo also argues the court's alleged failure to follow the Iowa Rules of Criminal Procedure as to both delay in sentencing and allocution, discussed below, also violated his constitutional right to due process. Because the constitutional claims are only based on his rule-based claims, we only consider his arguments under a rule-based framework.

N.W.2d 256, 257 (Iowa Ct. App. 1997). He relies on Iowa Rule of Criminal Procedure 2.23(1), which provides:

> Upon a plea of guilty, verdict of guilty, or a special verdict upon which a judgment of conviction may be rendered, the court must fix a date for pronouncing judgment, which must be within a reasonable time but not less than 15 days after the plea is entered or the verdict is rendered, unless defendant consents to a shorter time.

But here, Oo entered his plea of guilty and, pursuant to a plea agreement, requested a deferred judgment and probation, which satisfied the requirement that he consent to entry of a deferred judgment. *See* Iowa Code § 907.3(1)(a). By his consent, judgment was not entered and the court deferred judgment and granted probation. Proceedings to revoke probation and enter judgment are not governed by rule 2.23(1), but involve a separate procedure that starts with determining whether a probation violation has been established. *See id* § 908.11(4). The second of the two-step revocation process involves the court "decid[ing] whether to continue probation or impose any sentence that might originally have been imposed." *State v. Ferguson*, No. 18-1137, 2019 WL 2153100, at *2 (Iowa Ct. App. May 15, 2019); *accord* Iowa Code § 908.11(4). In other words, as soon as "the violation is established," as it was here, the court has the option to immediately "impose any sentence which might originally have been imposed." Iowa Code § 908.11(4). So we reject Oo's claim that he was entitled to a fifteen-day delay.

B.      Allocution

Next, Oo argues the court erred by denying him an opportunity to exercise his right of allocution. It's true that the entry of the sentence itself must be in compliance with the rules of criminal procedure. *See State v. Lillibridge*, 519 N.W.2d 82, 83 (Iowa 1994); *State v. Temple*, No. 15-1293, 2016 WL 4801610,

at *4 (Iowa Ct. App. Sept. 14, 2016). And those rules entitle defendants to personally address the court to make a statement in mitigation of punishment. Iowa R. Crim. P. 2.23(3)(d). Here, the court received recommendations from the attorneys as to recommended disposition of the civil revocation issue, not the criminal sentence, with the State urging for revocation and imposition of sentence and the defense requesting either continued probation or deferral of disposition. That said, before the court announced its decisions on both matters, including punishment, it asked Oo if he wished to make any statements.

When it comes to providing a defendant his opportunity for allocution, "[n]o special language is required to fulfill the rule's mandate," and the question "is whether the defendant is given an opportunity to volunteer any information helpful to the defendant's cause." *State v. Lumadue*, 622 N.W.2d 302, 304 (Iowa 2001) (citation omitted). We will affirm when there is "a record establishing that the court has 'invited, or afforded an opportunity for' the defendant to speak regarding punishment." *Id.* (quoting *State v. Craig*, 562 N.W.2d 633, 637 (Iowa 1997)). Asking the defendant if he wants to say something is generally sufficient. *See Craig*, 562 N.W.2d at 635–36 (discussing *Green v. United States*, 365 U.S. 301 (1961)). Here, the court solicited statements from Oo as it pondered both revocation disposition and the ultimate sentence. So the court asking Oo if he wished to make any statements provided him an opportunity to personally address the court to make a statement in mitigation of punishment. Iowa R. Crim. P. 2.23(3)(d). We reject Oo's claim that he was denied allocution.

C.    Sentencing Decision

Finally, Oo argues "the district court erred by failing to account for [his] age, cultural differences, or other mitigating factors when imposing sentence." We review sentencing decisions for correction of errors at law and "will not reverse the decision of the district court absent an abuse of discretion or some defect in the sentencing procedure." *State v. Formaro*, 638 N.W.2d 720, 724 (Iowa 2002). The district court's failure to consider the minimum essential sentencing factors is a defect in the sentencing procedure warranting resentencing. *See State v. Zanoni*, No. 14-1720, 2015 WL 3876813, at *1–2 (Iowa Ct. App. June 24, 2015) (noting "district court must weigh all pertinent factors," and failure to consider required statutory factors is "a defect in the procedure"); *State v. Fink*, 320 N.W.2d 632, 634 (Iowa Ct. App. 1982) ("[T]he trial court is to weigh all pertinent matters in determining proper sentence, including the nature of the offense, the attending circumstances, the defendant's age, character and propensities or chances for his reform.").

The court specifically noted its consideration of the statutory sentencing factors, which include Oo's age. *See* Iowa Code § 907.5(1)(a). The minimum essential sentencing factors do not include cultural differences as a mandatory consideration. *See id.* §§ 901.5, 907.5(1); *State v. Hopkins*, 860 N.W.2d 550, 554–55 (Iowa 2015). To the extent Oo's cultural differences could serve as a mitigating sentencing factor, the court is not required to specifically acknowledge each mitigating factor. *See State v. Boltz*, 542 N.W.2d 9, 11 (Iowa Ct. App. 1995). And Oo does not actually state what "other mitigating factors" the court allegedly failed to consider. At the end of the day, the transcript and written sentencing order show

the court considered various factors in reaching its sentencing decision and assigned some of those factors more weight than others. We find the court's terse and succinct statements regarding its sentencing decision to be sufficient to show its reasons for its discretionary decision and affirm. *See State v. Thacker*, 862 N.W.2d 402, 407–08 (Iowa 2015).

## III. Conclusion

We affirm the sentence imposed following the revocation of Oo's deferred judgment.

**AFFIRMED.**