STATE of Iowa, Appellee,

v.

Steven Alan GARROW, Appellant.

No. 90–1170.

Supreme Court of Iowa.

Jan. 22, 1992.

Scott A. Sobel, Des Moines, for appellant.

Bonnie J. Campbell, Atty. Gen., Thomas S. Tauber, Asst. Atty. Gen., John Sarcone, County Atty., and James Ward, Asst. County Atty., for appellee.

Considered by McGIVERIN, C.J., and LARSON, SCHULTZ, SNELL, and ANDREASEN, JJ.

McGIVERIN, Chief Justice.

Defendant Steven Alan Garrow was convicted of three counts of delivering a controlled substance. *See* Iowa Code § 204.-401(1)(c) (1989). On this appeal, Garrow contends that certain evidence that police authorities obtained with the assistance of a citizen-informant should have been sup-

pressed. *See* Iowa R.Crim.P. 11. He alternatively contends that the district court did not properly state on the record the reasons for the sentence it imposed. *See* Iowa R.Crim.P. 22(3)(d). We disagree with both of Garrow's contentions and affirm his convictions and sentence.

I. *Background facts and proceedings.* Sandra Pfeiffer, who was on probation as a result of bad check charges, contacted the Des Moines Police Department to make a citizen complaint about the drug-related activities of her roommate and defendant Garrow. Garrow had tried to persuade Pfeiffer to sell cocaine for him. Pfeiffer volunteered to introduce Dennis Sorenson, an undercover police officer, to Garrow in order to facilitate his arrest.

On officer Sorenson's instructions, Pfeiffer told Garrow that she knew of a possible buyer of cocaine and arranged a meeting between herself, Garrow, and Sorenson at Garrow's residence. In January 1990, Pfeiffer and officer Sorenson went to Garrow's residence. After Garrow invited them into his residence, he sold officer Sorenson a quantity of cocaine.

After Garrow continued to try to get Pfeiffer to sell more cocaine for him, Pfeiffer contacted Sorenson a second time. Pfeiffer arranged another meeting at Garrow's residence. Thereafter, while at Garrow's residence, Garrow sold officer Sorenson another quantity of cocaine.

Pfeiffer then contacted Sorenson a third time. At Pfeiffer's suggestion, she called Garrow and arranged another meeting at her residence. Garrow sold a third quantity of cocaine to officer Sorenson while at Pfeiffer's residence.

The State thereafter filed a trial information charging Garrow with three counts of delivery of cocaine. *See* Iowa Code § 204.-401(1)(c). Garrow filed a motion to suppress evidence which officer Sorenson had obtained with the assistance of Pfeiffer. *See* Iowa R.Crim.P. 11. After the district court denied his motion to suppress, Garrow was found guilty on all three counts. The district court sentenced Garrow to concurrent terms of imprisonment of not to exceed ten years on each count and manda-

tory service of one-third of the imprisonment term. *See* Iowa Code §§ 204.-401(1)(c), 204.413, 901.10, 902.3, 902.9(3).

Garrow has appealed, and we now consider the issues raised.

II. *Motion to suppress.* Garrow contends that the district court erred in denying his motion to suppress evidence, claiming that the warrantless entry of Pfeiffer and Sorenson into Garrow's residence violated his right against unreasonable searches and seizures guaranteed to him by the fourth amendment to the United States Constitution. *See* U.S. Const. amend. IV. Garrow also claims that the use of a probationer, such as Pfeiffer, as a confidential citizen-informant violated a judicial directive against such use, thus warranting exclusion of any evidence obtained with the assistance of such a person. *See* Iowa R.Crim.P. 11.

Because we believe, based upon our de novo review of the record, *State v. Myer,* 441 N.W.2d 762, 763 (Iowa 1989), that Garrow's fourth amendment rights were not violated, we conclude that the district court did not err in denying Garrow's motion to suppress evidence. We also conclude, on our review for errors of law, Iowa Rule of Appellate Procedure 4, that officer Sorenson's use of Pfeiffer as a confidential citizen-informant does not warrant exclusion of any evidence Sorenson obtained with Pfeiffer's assistance.

■■■ A. As stated above, Garrow contends that the district court erred in denying his motion to suppress evidence, claiming that the warrantless entry of Pfeiffer and Sorenson into Garrow's residence violated his rights against unreasonable searches and seizures. The general rule, however, is that when an undercover agent such as Sorenson uses deception to obtain an invitation to a suspect's home in order to consummate an illegal transaction, the fourth amendment is not violated and any evidence obtained by the agent is admissible in court. *Lewis v. United States,* 385 U.S. 206, 87 S.Ct. 424, 17 L.Ed.2d 312 (1966), *reh. den.,* 386 U.S. 939, 87 S.Ct. 951, 17 L.Ed.2d 811 (1967); *see also Hoffa v.*

*United States*, 385 U.S. 293, 87 S.Ct. 408, 17 L.Ed.2d 374 (1966), *reh. den.*, 386 U.S. 940, 87 S.Ct. 970, 971, 17 L.Ed.2d 880 (1967) (no fourth amendment interest involved where defendant made incriminating statements in presence of civilian informer who was in defendant's presence by invitation); *State v. Ahart*, 324 N.W.2d 317, 319 (Iowa 1982).

During neither of Sorenson's visits to Garrow's home did Sorenson see, hear, or take anything that was not contemplated, and in fact intended, by Garrow as a necessary part of his illegal business. *See Lewis*, 385 U.S. at 210, 87 S.Ct. at 427, 17 L.Ed.2d at 316. Were we to hold Sorenson's deceptions in this case to be constitutionally prohibited, "we would come near to a rule that the use of undercover agents in any manner is virtually unconstitutional per se." *Id.* at 210, 87 S.Ct. at 427, 17 L.Ed.2d at 316. However, we refuse to adopt such a rule which would so severely hamper the State in ferreting out "those organized criminal activities that are characterized by covert dealings." *Id.* at 210, 87 S.Ct. at 427, 17 L.Ed.2d at 316.

We therefore hold that Garrow's fourth amendment rights were not violated. Accordingly, there is no merit to this assignment.

■ B. Garrow also claims that the use of a probationer such as Pfeiffer as a confidential citizen-informant violates a judicial directive against such use. Garrow bases this claim upon a judicial directive, issued on October 22, 1984, by the chief judge of the fifth judicial district to the Polk county sheriff and police chiefs, stating that the judges of the fifth judicial district had unanimously determined "to prohibit the use of defendants on probation in any type of undercover work." Garrow believes that because Pfeiffer, a probationer, was used as a confidential citizen-informant in Sorenson's undercover work, the judicial directive was violated. Garrow argues that this violation warrants application of the exclusionary rule to suppress any evidence obtained with the assistance of Pfeiffer. *See Mapp v. Ohio*, 367 U.S. 643, 81

S.Ct. 1684, 6 L.Ed.2d 1081 (1961), *reh. den.*, 368 U.S. 871, 82 S.Ct. 23, 7 L.Ed.2d 72.

■ 1. As an initial matter, we question whether Garrow has standing to complain of an alleged violation of the judicial directive. This is because the directive was not designed for the benefit of criminal defendants such as Garrow. The stated purpose of the directive is to protect probationers by prohibiting law enforcement authorities from placing such probationers in criminal surroundings. Rehabilitation, the primary goal of probation, could be seriously undermined by returning probationers to the very or similar environments which may have brought about their initial illicit activities and arrests. However, we do not believe that this directive, designed as a shield to protect probationers, may be used by criminal defendants such as Garrow as a sword to thwart otherwise legitimate law enforcement techniques. *Accord State v. Becker*, 458 N.W.2d 604, 608 (Iowa 1990) (defendant's lack of standing to challenge alleged violation of rights of other person precluded right to suppress evidence illegally obtained from such other person).

2. In any event, we do not believe that Sorenson's alleged violation of the directive warrants application of the exclusionary rule in this case. *See Mapp*, 367 U.S. at 643, 81 S.Ct. at 1684, 6 L.Ed.2d at 1081. We have indicated that application of the exclusionary rule, which is a judicially created remedy and not a personal constitutional right, usually is required only where there has been a violation of a constitutional right or when a statute specifically requires exclusion. *See, e.g., State v. Johnson*, 318 N.W.2d 417, 437 (Iowa 1982), *cert. den.*, 459 U.S. 848, 103 S.Ct. 106, 74 L.Ed.2d 95 ("[W]e refuse to exclude relevant evidence by applying the exclusionary concept to conduct which is not of constitutional magnitude."); *see also United States v. Calandra*, 414 U.S. 338, 348, 94 S.Ct. 613, 620, 38 L.Ed.2d 561, 571 (1974) (application of rule usually restricted to areas where its remedial objectives "are thought most efficaciously served"). *See generally* 22A C.J.S. *Criminal Law* § 771, at 430–31 (1989). *Cf. State v. McAteer*, 290

N.W.2d 924 (Iowa 1980) (applying exclusionary rule to evidence obtained in violation of statutory right of an accused to consult with family members).

Garrow has cited no case, and we have found none, which holds that an undercover police officer's use of a probationer as a confidential informant violates a criminal defendant's constitutional rights. Although we believe that the directive is good policy, we do not believe that its mandate is one of constitutional magnitude. We therefore decline to apply the exclusionary rule to the evidence which officer Sorenson obtained with the assistance of Pfeiffer. *Accord State v. Apt*, 244 N.W.2d 801 (Iowa 1976) (although police officer, who used informer to meet persons selling drugs, permitted the informer to smoke marijuana in his presence, such conduct did not require suppression of any evidence offered by the informer); *Armenta v. Superior Court of Santa Barbara County*, 61 Cal. App.3d 584, 132 Cal.Rptr. 586 (1976) (although use of undercover informant in a methadone program violated federal regulations, suppression of evidence obtained from informant and used against program enrollee was not required).

3. Finally, application of the exclusionary rule in this case would not further its primary objective, which is the deterrence of unlawful conduct by the police and prosecution. *See Calandra*, 414 U.S. at 347–48, 94 S.Ct. at 619–20, 38 L.Ed.2d at 571; *State v. Hamilton*, 335 N.W.2d 154, 158 (Iowa 1983). This is because we do not believe that, under this record, Sorenson engaged in any unlawful conduct by his use of Pfeiffer as an undercover informant. Although Sorenson knew that Pfeiffer was in fact a probationer during her undercover work, at no time did Sorenson force Pfeiffer to do anything she was not already willing to do as a concerned citizen-complainant. Pfeiffer initiated all contacts with Sorenson, and Pfeiffer was never asked to provide police assistance on any investigations which were unrelated to Pfeiffer's own personal affairs.

For the foregoing reasons, we hold that any alleged violation of the directive in this case does not warrant application, under Iowa Rule of Criminal Procedure 11 or otherwise, of the exclusionary rule to suppress evidence which Sorenson obtained with the assistance of Pfeiffer.

Accordingly, we affirm the district court's denial of Garrow's motion to suppress.

■ III. *Reasons for sentence.* Iowa Rule of Criminal Procedure 22(3)(d) provides that a sentencing court must state on the record its reasons for selecting a particular sentence. Garrow contends that the district court did not fulfill the requirements of this rule in imposing the three concurrent indeterminate ten-year prison terms and mandatory service of one-third thereof. We disagree.

■ A sentence will be disturbed by a reviewing court only upon a showing that the trial court abused its discretion. *State v. Neary*, 470 N.W.2d 27, 29 (Iowa 1991). No abuse of discretion will be found unless the defendant shows that such discretion was "exercised on grounds or for reasons clearly untenable or to an extent clearly unreasonable." *Id.* The purpose of rule 22(3)(d) is to allow a reviewing court to determine whether there has been such an abuse of discretion. *State v. Matlock*, 304 N.W.2d 226, 228 (Iowa 1981). A sentencing court's statement of its reasons satisfies the rule if it recites reasons sufficient to demonstrate the exercise of discretion and indicates those concerns which motivated the court to select the particular sentence which it imposed. *See State v. Johnson*, 445 N.W.2d 337, 342–43 (Iowa 1989); *State v. Victor*, 310 N.W.2d 201, 205 (Iowa 1981).

We believe the district court's statement of its reasons for imposing the challenged sentence was sufficient to satisfy the requirements of rule 22(3)(d). The court specifically stated that it found no mitigating circumstances which would warrant Garrow not serving the mandatory one-third of the maximum indeterminate sentence prescribed by law. *See* Iowa Code §§ 204.413, 901.10. The court also stated that probation was not warranted because incarceration was necessary to protect the public

from further criminal activity by Garrow, and to grant Garrow probation would unduly deprecate the seriousness of the offense.

Although the foregoing statements are "terse and succinct," we do not believe that their brevity prevents our review of the district court's exercise of sentencing discretion. *Johnson*, 445 N.W.2d at 343. Furthermore, we cannot say that the district court abused its discretion by imposing its particular sentences on Garrow.

IV. *Disposition.* In sum, we affirm the district court's denial of Garrow's motion to suppress evidence, and affirm the court's judgment and sentence.

AFFIRMED.