## IN THE COURT OF APPEALS OF IOWA

No. 13-2006
Filed August 13, 2014

**STATE OF IOWA,**
    Plaintiff-Appellee,

**vs.**

**KENNETH DONJUARE ALFONZO MAY,**
    Defendant-Appellant.
_____

    Appeal from the Iowa District Court for Cerro Gordo County, Rustin T. Davenport, Judge.

    Defendant appeals his sentence contending the district court did not provide adequate reasoning on the record. **AFFIRMED.**

    Sarah A. Reindl of Reindl Law Firm, Mason City, for appellant.

    Thomas J. Miller, Attorney General, Heather R. Quick, Assistant Attorney General, Rachel A. Ginbey, County Attorney, and Carlyle D. Dalen, Assistant County Attorney, for appellee.

    Considered by Danilson, C.J., and Vogel and Bower, JJ.

**DANILSON, C.J.**

Kenneth Donjuare Alfonzo May appeals his sentences imposed by the district court.[1]  He contends the district court abused its discretion by failing to recite adequate reasons.  Because we find the district court properly exercised its discretion and provided sufficient reasons for the sentence, we affirm.

**I. Background Facts and Proceedings.**

On June 28, 2013, May was charged with eight counts by trial information under criminal case number FECR022175.  Pursuant to a plea agreement, May pled guilty to four of the offenses on September 13, 2013.  He pled guilty to possession with intent to deliver (marijuana), possession of a firearm or offensive weapon by a felon, possession of dogs for dog fighting, and failure to affix a drug tax stamp, class "D" felonies.  The remaining counts were dismissed.

May was sentenced on November 4, 2013.  The State recommended May receive a term of incarceration not to exceed five years for each of the four charges, with the terms for possession with intent to deliver and failure to affix a drug tax stamp running concurrently to each other and consecutive to the other terms, for a total term of incarceration not to exceed fifteen years. The State explained the basis of its recommendation, stating, "[E]ach of these charges, with the exception—exception of the ones that the State's asking to run concurrent to each other, are entirely different charges.  They aren't related in any way, and it—the State has grave concerns for the safety of the community and society as a

---

[1]  On November 4, 2013, May was sentenced on three cases (FECR022175, FECR021016, and FECR021515) in one proceeding.  The district court did not consolidate the cases at sentencing, and May only filed a notice of appeal on case FECR022175.  Although May disputes his sentence in its entirety, we consider his claims insofar as they relate to the case properly on appeal.

whole." The district court imposed a term not to exceed five years for each of the four charges. However the court imposed concurrent terms for possession of a firearm or offensive weapon by a felon and possession of dogs for dog fighting, and the two remaining charges, the drug charges, were run concurrently to each other. The two sets of charges were then run consecutively to each other, for a total term not to exceed ten years. May appeals.

## II. Standard of Review.

Our review is for correction of errors at law. *State v. Thomas*, 547 N.W.2d 223, 225 (Iowa 1996). The decision to impose a sentence within statutory limits is "cloaked with a strong presumption in its favor." *State v. Formaro*, 638 N.W.2d 720, 724 (Iowa 2002). The sentence will not be upset on appeal "unless the defendant demonstrates an abuse of trial court discretion or a defect in the sentencing procedure." *State v. Grandberry*, 619 N.W.2d 399, 401 (Iowa 2000). An abuse of discretion is found only when the sentencing court exercises its discretion on grounds or for reasons clearly untenable or to an extent clearly unreasonable. *Thomas*, 547 N.W.2d at 225.

## III. Discussion.

In criminal cases the court is to "state on the record its reasons for selecting the particular sentence." Iowa R. Crim. P. 2.23(3)(d). We review both the court's stated reasons made at the sentencing hearing and its written sentencing order. *See State v. Lumadue*, 622 N.W.2d 302, 304 (Iowa 2001). The statement of reasons can be "terse and succinct," as long as its brevity does not hinder review of the district court's discretion. *State v. Victor*, 310 N.W.2d 201, 205 (Iowa 1981). A court has provided an adequate statement for our

review when it "recites reasons sufficient to demonstrate the exercise of discretion and indicates those concerns which motivated the court to select the particular sentence which it imposed." *State v. Garrow*, 480 N.W.2d 256, 259–60 (Iowa 1992).

At sentencing, the district court stated:

> The law of Iowa requires the court impose a sentence that will best provide for your rehabilitation, protect the community, and deter others from committing this crime. There is somewhat of an agreement regarding the sentences to be imposed other than the consecutive and concurrent nature of that. Those rough outlines will be accepted by the—by the court.
> . . . .
> The court generally agrees with the State's argument that these are separate incidents and deserve consecutive sentences. The court will differ in one recommendation from the State which I'll explain in a moment. . . .
> . . . .
> In File 22175, Count III and Count VII, the possession with intent to deliver marijuana and the failure to affix a drug stamp, will run concurrently which was also the recommendation of the State. The court finds that Count IV and Count VI, the possession of firearm by a felon and possession of dogs for dog fighting, shall run concurrently with each other. The court's rationale is those were matters found through the search of the defendant's property. While the court recognizes that they could run consecutively, the court finds that concurrent is appropriate. Part of the court's rationale is recognizing the defendant is of a young age and that the overall sentence of 22 years[2] in light of that is more than the court finds appropriate under the circumstances.

May contends the district court failed to state adequate reasons on the record for imposing the sentence. *See State v. Marti*, 290 N.W.2d 570, 589 (Iowa 1980) ("[W]hen a trial court fails to state on the record its reasons for the sentence imposed, the sentence must be vacated and the case remanded for

---

[2] The State's recommendation to the court, including the two other case numbers not on appeal, was for a term of incarceration not to exceed twenty-two years, but the total sentence imposed by the court for all three cases was a term not to exceed seventeen years.

amplification of the record and resentencing."). In exercising its discretion, "the district court is to weigh all pertinent matters in determining a proper sentence including the nature of the offense, the attending circumstances, the defendant's age, character, and propensities or changes for reform." *State v. Loyd*, 530 N.W.2d 708, 713 (Iowa 1995). Here, the court explicitly considered May's age, the parties' recommendations, and the relatedness of the various charges, as well as the possibility of rehabilitation, protection of the community, and deterrence. We believe this terse and succinct statement provides ample record to review and constitutes adequate reasons for the sentences imposed.

May also contends the district court wrongly stated he conceded probation was not appropriate and the record does not reflect the court's reasons for rejecting probation. However, a review of the sentencing transcript shows May recommended that each of the four charges run concurrently, for a term of imprisonment not to exceed five years. May did not request probation or a suspended sentence. Although the court must consider all sentencing options, a sentencing court is generally not required to give its reasons for rejecting a particular sentencing option. *Id.* at 713–14; *see also* Iowa Code § 901.5 (2013).

Insofar as May claims the district court did not provide sufficient reasons on the record to set the terms for possession with intent to deliver and failure to affix a drug stamp consecutively to the terms for possession of a firearm or offensive weapon by a felon and possession of dogs for dog fighting, we disagree. We may look to the court's overall sentencing rationale to glean the reasoning for imposing consecutive sentences. *See State v. Hennings*, 791 N.W.2d 828, 838 (Iowa 2010). In addition to the considerations previously noted,

the court explicitly stated, "The court generally agrees with the State's argument that these are separate incidents and deserve consecutive sentences."

Because we find the district court properly exercised its discretion and provided sufficient reasons for the sentence on the record, we affirm.

**AFFIRMED.**