# IN THE COURT OF APPEALS OF IOWA

No. 14-1475
Filed July 9, 2015

**STATE OF IOWA,**
     Plaintiff-Appellee,

**vs.**

**JACOB THOMAS DITSWORTH,**
     Defendant-Appellant.
_____

Appeal from the Iowa District Court for Des Moines County, Michael Dieterich, District Associate Judge.

A defendant appeals his sentence. **CONVICTION AFFIRMED, SENTENCE VACATED, AND REMANDED FOR RESENTENCING.**

Mark C. Smith, State Appellate Defender, and Bradley M. Bender, Assistant Appellate Defender, for appellant.

Thomas J. Miller, Attorney General, Kevin Cmelik, Assistant Attorney General, Amy Beavers, County Attorney, and Lisa Schaefer, Assistant County Attorney, for appellee.

Considered by Danilson, C.J., and Vaitheswaran and Doyle, JJ.

**VAITHESWARAN, J.**

Jacob Ditsworth challenges the district court's failure to engage in an in-person colloquy with him concerning his plea to an aggravated misdemeanor. He also challenges the court's statement of reasons for the sentence.

## I.    *Background Proceedings*

Ditsworth executed a written guilty plea to the crime of failure to comply with the sex-offender registration requirements. *See* Iowa Code §§ 692A.103, .111, .112 (2013). The plea set forth the elements of the crime. Ditsworth attested he understood "the charge(s) against" him and "what the prosecution would have to prove" if his case went to trial. Ditsworth also attested, "On or about January 7, 2014 I moved from Cedar County, Iowa to Des Moines County. I was required to register as a sex offender. I did not register with the sheriff within 5 days of changing my residence." Based on this attestation, Ditsworth represented that his plea was supported by a factual basis. The plea additionally contained a paragraph styled "Delay in Sentencing and Waiver of Presence," which stated, in part, "I [] understand that I have the right to be personally present, in open court, and have a formal record made, for the taking of my guilty plea, and the imposition of sentence." The plea contained no explicit waiver of this right but did give Ditsworth the option of waiving his presence at sentencing. Ditsworth elected not to waive this right.

The district court held no plea hearing but entered an "order regarding plea," confirming the written plea and scheduling a sentencing hearing. At sentencing, the State presented its recommendation and Ditsworth's attorney sought suspension of placement in a residential correctional facility. Ditsworth

was given the opportunity to speak and stated he "never really changed [his] mailing address." He admitted he moved and suggested, because of his youth at the time the registration requirement was imposed, he "wasn't aware" he "was supposed to change" his address when he moved.

The district court sentenced Ditsworth to two years in prison, suspended the sentence, placed him on formal probation, and required him to complete programming at a residential correctional facility. In imposing sentence, the court stated, "The reasons for my sentence are, obviously, to—that the registration law is to protect the public, and it's to protect the public and others from either wrongfully registering or not registering at all." Ditsworth appealed.

## II. Analysis

### A. Ineffective Assistance

Ditsworth contends his attorney provided "ineffective assistance . . . by permit[ting] him to plead guilty" where "the district court failed to exercise its waiver discretion or otherwise discharge[] its duty to ensure [his] plea was made 'voluntarily and intelligently and has a factual basis.'" To prevail, Ditsworth must show his attorney breached an essential duty and prejudice resulted. *Strickland v. Washington*, 466 U.S. 668, 687 (1984).

This court recently addressed the means by which a district court determines the voluntariness of a plea to a serious or aggravated misdemeanor. *See State v. Sutton*, 853 N.W.2d 284 (Iowa Ct. App. 2014). Citing Iowa Rule of Criminal Procedure 2.8(2)(b), which prescribes the procedures for taking pleas, the court stated:

Rule 2.8(2)(b) and the applicable case law give the court the discretion to waive an in-person colloquy with a defendant, with defendant's approval, so long as a written guilty plea adequately provides the court sufficient information from which the court can make a finding that the plea is voluntarily and intelligently tendered, and that the court finds there is a factual basis for the plea. For us to rule otherwise would effectively deny the court the exercise of discretion the rule expressly provides. Because no in-person colloquy is required in serious and aggravated misdemeanor cases, we conclude the requirement that a defendant understand "[t]he nature of the charge to which the plea is offered" *can* be satisfied by a written guilty plea.

*Sutton*, 853 N.W.2d at 294. However, the court expressed the following caveats:

[R]ule 2.8(2)(b) and the case law . . . do not require an in-court conversation for every serious and aggravated misdemeanor case, *as long as the written guilty plea is adequate, the defendant waives presence*, nothing else appears in the record to dilute the strength of the written guilty plea, *the court exercises its discretion to waive the in-court colloquy, and the court is satisfied the plea is voluntarily and intelligently offered.*

*Id.* at 288-89 (emphasis added).

The State argues *Sutton* is controlling. On our de novo review of this constitutional issue, we disagree.

Ditsworth waived many rights associated with rule 2.8. He did not waive the right to be addressed "personally in open court." *See* Iowa R. Crim. P. 2.8(2)(b). He simply acknowledged he possessed the right. Notably, he expressly declined to waive his presence at sentencing. Under *Sutton*, waiver of presence at a guilty plea proceeding is a prerequisite to dispensing with an in-court colloquy. *Sutton*, 853 N.W.2d 288-89.

*Sutton* was decided approximately two months before Ditsworth entered his plea. Accordingly, Ditsworth's attorney was charged with knowledge of its requirements as well as its caveats and breached an essential duty in failing to

challenge the absence of an in-court colloquy where there was no waiver of presence contained in the written guilty plea form.

We move to the prejudice prong of the *Strickland* test. Citing *State v. Schminkey*, 597 N.W.2d 785, 788 (Iowa 1999), Ditsworth suggests prejudice is inherent. In *Schminkey*, however, the issue was whether a factual basis existed to support the plea. 597 N.W.2d at 788. Here, Ditsworth does not challenge the existence of a factual basis but the district court's failure to inquire about his understanding of the plea. This issue requires proof of prejudice. *See State v. Straw*, 709 N.W.2d 128, 137 n.4 (Iowa 2006) (noting limited circumstances under which prejudice is presumed). Ditsworth must show a reasonable probability that, but for counsel's errors, he would not have pled guilty and would have insisted on going to trial. *See id.* at 138.

Ditsworth cannot make this showing. He admitted to understanding the nature of the crime and the elements the State would have to prove if he went to trial. He also admitted to failing to register his new address. Accordingly, Ditsworth's ineffective-assistance-of-counsel claim fails.

### B. Sentencing Reasons

Ditsworth next contends the district court abused its discretion in failing to articulate more detailed reasons for the sentence. The Iowa Supreme Court has stated, "[a] sentencing court's statement of its reasons satisfies the rule if it recites reasons sufficient to demonstrate the exercise of discretion and indicates those concerns which motivated the court to select the particular sentence which it imposed." *State v. Garrow*, 480 N.W.2d 256, 259 (Iowa 1992).

We have approved statements of reasons that are "terse and succinct." *Id.* Nonetheless, the statement should "articulat[e] the rationale behind the court's choice of sentence." *State v. Cooper*, 403 N.W.2d 800, 801 (Iowa Ct. App. 1987). This record contains no individualized statement of reasons. Accordingly, we vacate the sentence and remand for resentencing.

**CONVICTION AFFIRMED, SENTENCE VACATED, AND REMANDED FOR RESENTENCING.**