# IN THE COURT OF APPEALS OF IOWA

No. 17-0846
Filed December 6, 2017

**STATE OF IOWA,**
    Plaintiff-Appellee,

**vs.**

**ADAM ALBERT CAMPBELL,**
    Defendant-Appellant.

_____

    Appeal from the Iowa District Court for Woodbury County, Patrick H. Tott, Judge.

    A defendant appeals claiming the district court abused its discretion in failing to grant him a deferred judgment. **AFFIRMED.**

    John S. Moeller of John S. Moeller, P.C., Sioux City, for appellant.

    Thomas J. Miller, Attorney General, and Sheryl A. Soich, Assistant Attorney General, for appellee.

    Considered by Vogel, P.J., and Tabor and Bower, JJ.

**VOGEL, Presiding Judge.**

Adam Campbell appeals claiming the district court abused its discretion in failing to grant him a deferred judgment. Because the district court's sentencing considerations were not clearly untenable or unreasonable, we affirm.

On April 28, 2016, Campbell was charged by trial information with conspiracy to possess with intent to deliver a controlled substance, in violation of Iowa Code section 124.401(1)(d) (2016); and a drug tax-stamp violation, in violation of Iowa Code section 453B.12. Campbell pled guilty to the conspiracy charge, was sentenced to a five-year suspended term of incarceration, and he was placed on probation for two years.

In determining the proper sentence, the district court should weigh and consider all pertinent matters, including the nature of the offense, the attending circumstances, the defendant's age, character and propensities and chances of reform. *State v. August*, 589 N.W.2d 740, 744 (Iowa 1999). We will disturb a sentence only upon a showing the district court abused its discretion. *State v. Garrow*, 480 N.W.2d 256, 259 (Iowa 1992).

The district court, in refusing to grant Campbell a deferred judgment, stated:

> The defendant is requesting a deferred judgment in regards to this matter. And there are certainly certain factors which would support a request for a deferred judgment, primarily being a lack of a criminal record—prior criminal record, and the defendant's age, and otherwise his background. But there are also several factors that would weigh against a deferred judgment as well, the most significant those being the extent of the conspiracy that was involved here.
> A review of the minutes and police reports would indicate that over eleven pounds of marijuana were seized on the date in question, and more than $12,000 in cash was also seized. It would appear that it was an ongoing distribution of marijuana and not an isolated or single type of an event in question here. Under those

circumstances, in light of the amount that was involved and the extent and nature of the conspiracy, the court does not believe that a deferred judgment would be appropriate in this particular case.

The district court properly exercised its discretion in sentencing Campbell to a suspended five-year sentence and two-year term of probation. We affirm the judgment of the district court. *See* Iowa Ct. R. 21.26(1)(a), (d), (e).

**AFFIRMED.**