# IN THE COURT OF APPEALS OF IOWA

No. 17-0596
Filed January 10, 2018

**STATE OF IOWA,**
      Plaintiff-Appellee,

**vs.**

**CLEOTHA CHAIRSE,**
      Defendant-Appellant.
_____

      Appeal from the Iowa District Court for Story County, Steven P. Van Marel,
District Associate Judge.


      A criminal defendant appeals his sentence after pleading guilty to the
offense of driving while barred.  **AFFIRMED.**


      Shawn Smith of Shawn Smith Attorney at Law, P.L.L.C., Ames, for
appellant.

      Thomas J. Miller, Attorney General, and Sheryl A. Soich, Assistant Attorney
General, for appellee.


      Considered by Vaitheswaran, P.J., and Potterfield and McDonald, JJ.

**POTTERFIELD, Judge.**

Cleotha Chairse appeals his sentence following a guilty plea to driving while barred, in violation of Iowa Code section 321.561 (2016).  On appeal, Chairse claims the district court abused its discretion in failing to consider mitigating factors and ordering his sentence to run consecutively to another two-year sentence of incarceration previously imposed instead of concurrently.  We find the district court did not abuse its discretion and affirm the sentence imposed.

**I. Background Facts and Proceedings.**

In March 2017, Chairse pled guilty to driving while barred.  Both the prosecutor and Chairse requested his sentence be served concurrently with a two-year term already imposed for operating while intoxicated.  The district court ordered Chairse's sentence to run consecutively.  Regarding its decision to impose a consecutive term of imprisonment, the court stated:

> Well, Mr. Chairse, the purpose of sentencing you here today is to do two things.  It's meant to rehabilitate you and to protect our community from further offenses from you.  I think what this sentence needs to do, Mr. Chairse, is to make you understand what the consequences are when you violate the laws of the State of Iowa and when you make poor decisions.  I should not have to tell you that given your criminal record you should know that when you violate the law there are going to be serious consequences.  You've been in prison a couple of times.  You hadn't even been out of prison very long before you committed this offense.  Mr. Chairse, you need to make a decision about what kind of a future you want to have; and if you don't want to spend your life in and out of jails and prisons, you need to change the way you make decisions because if you don't, the consequences are going to be severe.
> Your criminal record now is so bad that you're not going to be given probation or breaks by any judges from now on.  When you violate the law, you are going to probably receive the maximum sentence every time because you just apparently cannot learn that when you violate the laws of the State of Iowa or any other state,

there are serious consequences.  You either can't learn that or you don't care what the consequences are.

I hope, Mr. Chairse, that you want to be a productive member of your community.  I hope that you want to be a good father.  I hope that you want to go out there and have some success with your life.  But until you change the way you make decisions, that's not going to happen.

Mr. Chairse, when you drove while barred this last time, you knew you were on parole.[1]  You knew you'd been convicted of driving while barred before, and you knew there were going to be serious consequences and yet you drove anyway.  You are going to receive a two-year prison term.  There is just no question about that.  The only question is, do I order this to be served concurrent or consecutive to the case where you're having—I am assuming you're having your parole revoked.

Mr. Chairse, I am going to order this sentence to be served consecutively, not concurrently.  It seems to me if I order it concurrent, you're not suffering any consequences for committing a brand new criminal offense as an aggravated misdemeanor.  I know that's not what you want to hear, Mr. Chairse; but maybe after you're in prison long enough, which really won't even be that long—but hopefully after you're in prison for this period of time you'll decide you're tired of being in prison, you're tired of being in jail, and you want to go out and make something of yourself.

Chairse now appeals.

**II. Standard of Review.**

We will not reverse the sentence imposed absent an abuse of discretion or some defect in the sentencing procedure.  *See State v. Formaro*, 638 N.W.2d 720, 724 (Iowa 2002).  When the sentences imposed are within the statutory limits, they are "cloaked with a strong presumption in" their favor.  *Id.*  Chairse's sentence is within the statutory limits; the maximum penalty for an aggravated misdemeanor is a term of imprisonment not to exceed two years.  *See* Iowa Code § 903.1.

---

[1] Iowa Code section 908.10A requires "[t]he new sentence of imprisonment for conviction of an aggravated misdemeanor shall be served consecutively with the term imposed for the parole violation, unless a concurrent term of imprisonment is ordered by the court."  The record does not establish that Chairse's parole had already been revoked at the time of sentencing.

**III. Analysis.**

Chairse argues the district court failed to consider mitigating factors, including his family support and work history. Chairse claims the only factor the district court considered was his criminal history. The State claims proper discretion was exercised because the sentence was within the statutory guidelines and the factors articulated in the sentencing order were sufficient. We agree with the State.

The sentencing court has a duty to provide an explanation for imposing consecutive sentences. *See State v. Hill,* 878 N.W.2d 269, 275 (Iowa 2016). "A sentencing court's statement of its reasons satisfies the rule if it recites reasons sufficient to demonstrate the exercise of discretion and indicates those concerns which motivated the court to select the particular sentence which it imposed." *State v. Garrow*, 480 N.W.2d 256, 259 (Iowa 1992). The court is not required to specifically acknowledge each claim of mitigation urged by a defendant. *State v. Boltz*, 542 N.W.2d 9, 11 (Iowa Ct. App. 1995).

Here, the district court gave its reasons for imposing a consecutive sentence, and those reasons were sufficient. *See State v. Keopasaeuth*, 645 N.W.2d 637, 641–42 (Iowa 2002) (noting that a court's stated reasons for consecutive sentences need not be detailed but must be sufficient to allow for appellate review of the discretionary action). The district court did not abuse its

discretion but made a reasoned choice to impose a consecutive sentence rather than a concurrent one.

We affirm.

**AFFIRMED.**