**IN THE COURT OF APPEALS OF IOWA**

No. 17-0508
Filed February 7, 2018

**STATE OF IOWA,**
     Plaintiff-Appellee,

**vs.**

**JENNELLE CATHRYN HARRISON,**
     Defendant-Appellant.
_____

     Appeal from the Iowa District Court for Story County, Steven P. Van Marel,

District Associate Judge.


     A defendant appeals her sentence after pleading guilty to the offense of

operating while intoxicated. **AFFIRMED.**


     Shawn Smith of The Smith Law Firm, PC, Ames, for appellant.

     Thomas J. Miller, Attorney General, and Martha E. Trout, Assistant Attorney

General, for appellee.


     Considered by Vogel, P.J., and Potterfield and Mullins, JJ.

**POTTERFIELD, Judge.**

Jennelle Harrison appeals her sentence following a guilty plea to operating while intoxicated (OWI) in violation of Iowa Code section 321J.2 (2016). On appeal, Harrison claims the district court abused its discretion in failing to consider mitigating factors. We find the district court did not abuse its discretion and affirm the sentence imposed.

## I.      Background Facts and Proceedings.

In September 2016, Harrison was arrested and charged with OWI. She pled guilty in February 2017. Both the prosecutor and Harrison recommended deferred judgment. The district court ordered Harrison to serve a two-day sentence at the Story County Jail, stating:

> Ms. Harrison, you have requested a deferred judgment in this case, and I note from your criminal record you have a prior conviction for possession of drug paraphernalia, and you have a prior deferred judgment for possession of a controlled substance, and now you're here today asking for another deferred judgment. You only get two deferred judgments in your life to start with, and Ms. Harrison, I don't think it's appropriate that judgment be deferred in this case when you have a deferred judgment on a possession charge not very long ago, and now you're back in court after having committed another serious criminal offense where you placed innocent people at risk.
> I think imposition of the mandatory minimum sentence is the most appropriate sentence here, which will be two days in jail and a $1250 fine, and I will not let you serve your two days in an OWI diversion program. It will be two days in jail. That's what I make everybody do. I think that's what the public expects, and I think it's the most appropriate sentence. I think there needs to be consequences here.
> Ms. Harrison, you are a very young person and you can overcome all of this, and if you start making better decisions, and if you make responsible decisions, there's no reason why you cannot go out there and have as much success with your life as you want to, but in the short term this will make your life a little bit harder. You will have to go to jail, you'll have to pay a substantial fine, and you'll have a record, but I think that's appropriate given what happened here.

Harrison appeals.

## II. Standard of Review.

We will not reverse the sentence imposed absent an abuse of discretion or some defect in the sentencing procedure. *See State v. Formaro*, 638 N.W.2d 720, 724 (Iowa 2002). When the sentences imposed are within the statutory limits, they are "cloaked with a strong presumption" in their favor. *Id.* Harrison's sentence is within the statutory limits. *See* Iowa Code § 903.1.

## III. Analysis.

Harrison argues the district court abused its discretion when it failed to consider mitigating factors, such as her young age, her limited criminal history, and her post-traumatic stress from previous law enforcement interactions. Harrison argues the only factor the court considered was her prior convictions.

The Iowa Rules of Criminal Procedure require a sentencing court to "state on the record its reason for selecting the particular sentence." Iowa R. Crim. P. 2.23(3)(d). "A sentencing court's statement of its reasons satisfies the rule if it recites reasons sufficient to demonstrate the exercise of discretion and indicates those concerns which motivated the court to select the particular sentence which it imposed." *State v. Garrow*, 480 N.W.2d 256, 259 (Iowa 1992). The court is not required to specifically acknowledge each claim of mitigation urged by a defendant. *State v. Boltz*, 542 N.W.2d 9, 11 (Iowa Ct. App. 1995).

Here, the sentencing court noted Harrison's last offense was "not very long ago," considered the seriousness of the offense, considered her age, and reviewed

her criminal history. The district court did not abuse its discretion but made a reasoned choice to impose a two-day sentence of incarceration.

We affirm.

**AFFIRMED.**