# IN THE COURT OF APPEALS OF IOWA

No. 17-0672
Filed March 21, 2018

**STATE OF IOWA,**
        Plaintiff-Appellee,

**vs.**

**DENISE LASAY GINES,**
        Defendant-Appellant.
_____

        Appeal from the Iowa District Court for Polk County, Thomas W. Mott, Judge.

        A defendant appeals her sentence after pleading guilty to theft in the third degree. **AFFIRMED.**

        Andrew C. Abbott of Abbott Law Office, P.C., Waterloo, for appellant.

        Thomas J. Miller, Attorney General, and Darrel Mullins, Assistant Attorney General, for appellee.

        Considered by Vogel, P.J., and Potterfield and Mullins, JJ.

**POTTERFIELD, Judge.**

Denise Gines appeals her sentence following a guilty plea to third-degree theft in violation of Iowa Code section 714.2(3) (2017).  On appeal, Gines argues the court abused its discretion in failing to consider mitigating factors.  We find the sentencing court did not abuse its discretion and affirm the sentence imposed.

## I.      Background Facts and Proceedings.

Gines stole $148 worth of clothing in June 2016.  Gines was charged with an aggravated misdemeanor, enhanced because of her theft convictions in 2013 and 2014.  At sentencing, the State recommended ninety days in jail because of her criminal history of thefts, and the court imposed a ninety-day sentence.  Gines has thirteen theft convictions dating back to 1986.  Gines also has a conviction for simple assault and assault with a weapon.  She has served prison time and has been under parole and probation supervision.

Gines asked the court for a suspended sentence and probation.  Gines submitted letters from medical professionals documenting her health problems, including chronic obstructive pulmonary disease (COPD) and lung disease.  Gines also submitted a letter from her social worker stating Gines had attended three appointments to work on kleptomania and mood issues and intended to continue therapy.

Regarding its decision to sentence Gines to ninety days in jail, the court stated:

> I'm sorry about your health conditions, Ms. Gines.  I think that if programs were going to successfully deal with your theft activity— which is chronic, along with some other criminal activity, but this one involves one more in a long line of thefts—those programs would have worked already.  You've been exposed to a lot of opportunity.

If something is needed other than you resolving not to commit theft anymore, then you would have—you would have taken advantage of those.

Stealing is a voluntarily activity, even though there's a lot of suggestion here that it's something beyond your control. But I don't know that that's so. You continually do it. If there—if it was a condition that needs to be treated, that's been dealt with. If, as counsel said, you succeeded on probation, that might mean that on some of your probations or paroles you didn't get revoked. All right. However, I don't think here your being guilty one more time of theft is very good evidence that probation succeeded. It hasn't, because here you are again.

To deter you with a sentence to which I imagine you'll feel adverse, the court is going to follow the request for ninety days in jail and the minimum fine, basically deterrence.

Gines appeals.

## II.     Standard of Review.

We will not reverse the sentence imposed absent an abuse of discretion or some defect in the sentencing procedure. *See State v. Formaro*, 638 N.W.2d 720, 724 (Iowa 2002). When the sentence imposed is within the statutory limits, it is "cloaked with a strong presumption" in its favor. *Id.* Gines's sentence is within the statutory limits. *See* Iowa Code § 903.2.

## III.     Analysis.

Gines argues the district court abused its discretion when it failed to consider mitigating factors, such as her lung disease, COPD, kleptomania and mood problems.[1] Gines argues the court did not consider the progress she was making with mental-health treatment. Gines maintains the only factor the court considered was her criminal history.

---

[1] Gines argues her health problems are so significant as to unduly punish her, but she does not cite any case law in making this argument or present evidence as to why the jail cannot manage her condition. See Iowa R. App. P. 6.903(2)(g)(3) ("Failure to cite authority in support of an issue may be deemed waiver of that issue.").

The Iowa Rules of Criminal Procedure require a sentencing court to "state on the record its reason for selecting the particular sentence." Iowa R. Crim. P. 2.23(3)(d). "A sentencing court's statement of its reasons satisfies the rule if it recites reasons sufficient to demonstrate the exercise of discretion and indicates those concerns which motivated the court to select the particular sentence which it imposed." *State v. Garrow*, 480 N.W.2d 256, 259 (Iowa 1992). The court is not required to specifically acknowledge each claim of mitigation urged by a defendant. *State v. Boltz*, 542 N.W.2d 9, 11 (Iowa Ct. App. 1995).

Here, the sentencing court considered Gines's health and participation in therapy. The court noted probation has not been successful in the past. The sentencing court did not abuse its discretion but made a reasoned choice to impose a ninety-day prison sentence.

We affirm.

**AFFIRMED.**