# IN THE COURT OF APPEALS OF IOWA

No. 18-1638
Filed February 5, 2020

**STATE OF IOWA,**
　　　Plaintiff-Appellee,

**vs.**

**CHRISTOPHER WEIGERT,**
　　　Defendant-Appellant.
_____

　　　Appeal from the Iowa District Court for Howard County, Richard D. Stochl,

Judge.

　　　The defendant challenges the sentence imposed by the district court.

**AFFIRMED.**

　　　John J. Sullivan of Sullivan Law Office, P.C., Oelwein, for appellant.

　　　Thomas J. Miller, Attorney General, and Tyler J. Buller, Assistant Attorney

General, for appellee.

　　　Considered by Bower, C.J., and May and Greer, JJ.

**GREER, Judge.**

Christopher Weigert challenges the sentence imposed by the district court following his guilty plea for possession of a controlled substance with intent to deliver (methamphetamine).[1] *See* Iowa Code § 124.401(1)(c)(6) (2017). Weigert maintains the court impermissibly applied a fixed sentencing policy rather than engaging in the meaningful exercise of discretion mandated by Iowa Code section 901.5.

When reviewing a district court's sentencing decisions, we will not reverse the court's decision absent either an abuse of discretion or a defect in the sentencing procedure such as considering inappropriate matters. *See State v. Formaro*, 638 N.W.2d 720, 724 (Iowa 2002).

Here, Weigert was first charged with possessing more than five grams of methamphetamine with the intent to deliver—a class "B" felony. *See* Iowa Code § 124.401(1)(b)(7). He reached an agreement with the State, by which he would plead guilty to the lesser-included class "C" felony, involving five grams or less of methamphetamine, and the State would join Weigert's request for a deferred judgment.

Before he pled guilty, the court advised Weigert it would not be bound by the plea agreement. The court clarified:

---

[1] This crime is a class "C" felony. Because the judgment and sentence were entered before July 1, 2019, the amended Iowa Code section 814.6(1)(a)(3) (2019) does not apply here. *See State v. Macke*, 933 N.W.2d 226, 228 (Iowa 2019) ("On our review, we hold Iowa Code sections 814.6 and 814.7, as amended, do not apply to a direct appeal from a judgment and sentence entered before July 1, 2019."); *see also* Iowa Code § 814.6(1)(a)(3) (limiting appeals from guilty pleas for crimes other than class "A" felonies).

> Okay.  I'm just saying I won't be bound by it, so I would have to hear some evidence on sentencing.  I can take the plea today but I can't guarantee I'll follow the recommendation.  I guess I'd want another [presentence investigation (PSI)].  This is a pre-plea PSI based on a plea to a class "B" felony which was going to be a 25-year term.  I don't know if the department [of correctional services] would have a different position if it were a plea to the "C" felony after the plea's been taken.[2]  Or I can reset it the next calendar when I'm not here.  I'll just note that I wouldn't agree to be bound by the agreement.

After defense counsel conveyed he needed to speak to Weigert privately to decide how to proceed, the court continued:

> Why don't you.  I mean, to be honest, normally when I'm looking at a "B" that [is] plead[ed] down, it's whether I'm sending the defendant to the residential facility or to prison or suspending the prison term; it's never whether I'm giving a deferred.  So I'm going to have to have some serious evidence as to why I should defer, especially when there's been a prior deferral on a prior drug conviction.  So talk to your client and let me know.

When they came back on the record, Weigert informed the court he wanted to proceed with entering a guilty plea.  To confirm the decision, the court asked Weigert directly if he understood that the court was not bound by the plea agreement, was free to decide what sentence to impose, and that the sentence could include time in prison.  Weigert said he understood.  At that point, the court accepted Weigert's plea and ordered completion of a new PSI report.

Sentencing took place on August 27, 2018.  The updated PSI report revealed Weigert had twice tested positive for methamphetamine and amphetamines in April 2018.  The department of correctional services recommended a ten-year suspended sentence with two to five years of probation.  Weigert suggested he had "changes and additions" to make to the PSI report and

---

[2] The pre-plea PSI contained a recommendation that Weigert be given a twenty-five-year suspended sentence with two to five years of probation.

was called to testify. While he did not dispute his positive drug tests, he contended he had not knowingly or intentionally used methamphetamine.[3] After Weigert's testimony, the court pronounced sentence, imposing a ten-year term of incarceration, which the court suspended. Weigert was placed on two to five years of probation. The court continued:

> The reason for the court's sentence is the circumstances of the offense. [Weigert] was previously granted a deferred judgment in another matter. Review of the trial information indicates [he] was in possession of, for purposes of these proceedings, less than five grams of methamphetamine packaged for delivery with a scale. Based on the prior criminal history, a deferred judgment is not appropriate.
> The court further notes that since arrest [Weigert] has been referred to obtain a substance abuse evaluation. As of the drafting of . . . the [PSI] report, no such evaluation has been completed. He did meet with a Mr. Albers, was told to complete outpatient treatment. That treatment was never completed, to my knowledge. I have heard no evidence of that. Based on that noncompliance on pretrial release, deferred is certainly not merited.
> I do note that the department recommends the residential facility. I don't find that necessary; however, [Weigert] will be placed in the Corrections Continuum such that if the department feels it is necessary for more supervision, he can then be placed at that facility.

On appeal, Weigert relies on the statements of the court before his plea to establish the court engaged in a fixed sentencing policy. *See State v. Hildebrand*, 280 N.W.2d 393, 396–97 (Iowa 1979) (vacating the sentence imposed because "the sentencing court, instead of considering the minimal essential factors we consistently have identified, impermissibly selected only one—an attending circumstance—which triggered the court's previously-fixed sentencing policy"). He emphasizes the court's statement, "I mean, *to be honest*, normally when I'm

---

[3] Weigert offered as a possible explanation that his ex-wife, who had been living in the same house as him in April 2018, may have laced his food or drink with the drug.

looking at a "B" that [is] plead[ed] down, it's whether I'm sending the defendant to the residential facility or to prison or suspending the prison term; it's *never* whether I'm giving a deferred." (Emphasis added). He pairs this statement with the fact that court imposed a suspended sentence rather than granting his request for a deferred judgment.

The court did not engage in the same rigid sentencing practice the court in *Hildebrand* employed. 280 N.W.2d at 396–97. In *Hildebrand*, the court announced that, when sentencing for the crime of operating a motor vehicle while under the influence, it "ha[d] the policy that when there is an accident involved, I do not and will not grant a deferred sentence." *Id.* at 395. In contrast, here the court told Weigert it "normally" did not give a deferred judgment where a defendant has received a plea agreement reducing a charge from a "B" felony to a "C" felony, but the court did not foreclose the possibility. Instead, the court clarified it wanted to know the recommendation of the department of correctional services and would want to hear evidence at the sentencing hearing in support of Weigert's request. Rather than showing the inflexibility exhibited in *Hildebrand*, these statements show the court's willingness to consider granting the joint request for a deferred judgment. Weigert has not establish the court engaged in a fixed sentencing policy. *See State v. Lovell*, 857 N.W.2d 241, 242–43 (Iowa 2014) (noting the court will not vacate a sentence on appeal unless the defendant meets their burden of demonstrating an issue with the sentence or the sentencing procedure).

Additionally, insofar as Weigert claims the court abused its discretion by failing to address all the factors outlined in Iowa Code section 907.5 when imposing sentence, our case law establishes that a sentencing court need not explicitly

address each factor. Iowa R. Crim. P. 2.23(3)(d) ("The court shall state on the record its reason for selecting the particular sentence."); *see State v. Garrow*, 480 N.W.2d 256, 259 (Iowa 1992) ("A sentencing court's statement of its reasons satisfies [rule 2.23(3)(d)] if it recites reasons sufficient to demonstrate the exercise of discretion and indicates those concerns which motived the court to select the particular sentence which it imposed"); *see also State v. Ayers*, 590 N.W.2d 25, 28 (Iowa 1999) ("[A] sentencing court need only explain its reasons for selecting the sentence imposed and need not explain its reasons for rejecting a particular sentencing option."). Here the court appropriately explained its reasons for selecting the sentence imposed.

We affirm the sentence imposed by the district court.

**AFFIRMED.**