# IN THE COURT OF APPEALS OF IOWA

No. 22-0540
Filed May 24, 2023

**STATE OF IOWA,**
    Plaintiff-Appellee,

**vs.**

**JESSE LEE McELROY,**
    Defendant-Appellant.
_____

Appeal from the Iowa District Court for Wapello County, Kirk A. Daily, District Associate Judge.

Jesse McElroy appeals the sentence imposed after pleading guilty to operating while intoxicated, third or subsequent offense. **AFFIRMED.**

Thomas Hurd of Law Office of Thomas Hurd, PLC, Des Moines, for appellant.

Brenna Bird, Attorney General, and Louis S. Sloven, Assistant Attorney General, for appellee.

Considered by Vaitheswaran, P.J., Schumacher, J., and Doyle, S.J.*

*Senior judge assigned by order pursuant to Iowa Code section 602.9206 (2023).

**DOYLE, Senior Judge.**

Jesse McElroy appeals after pleading guilty to one count of operating while intoxicated (OWI), third or subsequent offense, a class "D" felony, in violation of Iowa Code section 321.2(2)(c) (2020). Applying the habitual offender sentencing enhancement, the district court sentenced McElroy to fifteen years imprisonment with a three-year mandatory minimum before parole eligibility. *See* Iowa Code §§ 321J.2(5)(e), 902.8, 902.9. McElroy challenges the sentence imposed, arguing the district court abused its discretion by failing to separately state on the record its reasons for exercising discretion in sentencing him as a habitual offender.

### I. Standard of Review

Because McElroy challenges his sentence rather than his guilty plea, and he "received a discretionary sentence that was neither mandatory nor agreed to as part of [his] plea bargain," good cause exists for us to decide his appeal. *State v. Damme*, 944 N.W.2d 98, 105 (Iowa 2020); *see also* Iowa Code § 814.6(1)(a)(3). We review sentencing decisions for an abuse of discretion. *See State v. Evans*, 672 N.W.2d 328, 331 (Iowa 2003). "An abuse of discretion is found when the court exercises its discretion on grounds clearly untenable or to an extent clearly unreasonable." *Id.* Because the sentence imposed here was within the statutory limits, it "is cloaked with a strong presumption in its favor." *State v. Formaro*, 638 N.W.2d 720, 724 (Iowa 2002).

### II. Discussion

Imposition of the habitual offender sentencing enhancement is discretionary in an OWI case. *See* Iowa Code § 321J.2(5)(e) ("Notwithstanding the maximum sentence set forth in paragraph 'a', a person convicted of a third or subsequent

offense *may* be sentenced as an habitual offender pursuant to sections 902.8 and 902.9 if the person qualifies as an habitual offender as described in section 902.8." (emphasis added)). There is no dispute that McElroy qualifies as a habitual offender, but he contends "the district court abused its discretion by failing to separately state on the record its reasons for exercising discretion in sentencing [him] . . . as an habitual offender." To allow appellate review of its discretion, the sentencing court must state on the record its reasons for selecting the particular sentence imposed. *See State v. Thompson*, 856 N.W.2d 915, 918–19 (Iowa 2014) (citing Iowa R. Crim. P. 2.23(3)(d)). A "terse and succinct" statement of the sentencing court's reasoning is sufficient "when the reasons for the exercise of discretion are obvious in light of the statement and the record before the court." *State v. Thacker*, 862 N.W.2d 402, 408 (Iowa 2015). Furthermore, "a sentencing court is not required to give its reasons for rejecting particular sentencing options." *State v. Loyd*, 530 N.W.2d 708, 713–14 (Iowa 1995).

"In exercising its discretion, the district court is to weigh all pertinent matters in determining a proper sentence, including the nature of the offense, the attending circumstances, the defendant's age, character, and propensities or chances for reform." *State v. Johnson*, 513 N.W.2d 717, 719 (Iowa 1994). The court must consider the individual factors of each case. *See id.* Ultimately, the court must decide which sentence "will provide maximum opportunity for the rehabilitation of the defendant, and for the protection of the community from further offenses by the defendant and others." Iowa Code § 901.5.

In his written guilty plea agreement, McElroy admitted he had two prior OWI convictions. He also admitted he was a habitual offender under Iowa Code

section 902.8, having previously been convicted of two felonies. He understood that he faced a maximum sentence of fifteen years and that he would not be eligible for parole until he served a minimum term of confinement of three years. *See id.* §§ 902.8, 902.9(1)(c).

At the sentencing hearing, the district court first discussed McElroy's four prior felony convictions and the presentence investigation report. The State then reiterated that it was requesting the court impose the fifteen-year habitual offender enhancement. The State noted, among other considerations:

> [T]his is the defendant's fourth lifetime OWI, and in this matter he was more than twice the legal limit. In the matter in which he's on probation for, he was also more than twice the legal limit. This has been a continuing pattern of behavior. And as highlighted by his presentence investigation, the defendant has [twenty-two] convictions listed.
> And what we can gather from that is prison will prevent him from committing more crimes, as the longest lull he had in crimes was five years. And at that time he was in prison, therefore he could not be committing more crimes.
> We know probation does not work with Mr. McElroy, as he is currently on probation. He has been charged with—picked up five additional charges while on probation. He is on probation for an OWI second right now and has been convicted of an OWI third.
> . . . .
> He has failed on probation and prison is the consequence of his choices. He has been given opportunities, but has continually chosen to commit more crimes and to commit a series of offenses that place the community at risk and will continue to do so without intervention.

McElroy acknowledged his lengthy criminal history but noted a lot of the history was not recent, besides the OWI convictions. He requested that the court impose a sentence of "30 days in jail or halfway house or a combination of those two things." He noted he was currently in treatment and argued that "halfway house is much better protection from society and diversion than prison is." In his

allocution, McElroy acknowledged that he "could hurt somebody bad" and that he "did mess up."

After hearing the arguments from the State and McElroy, the court imposed its sentence, explaining its decision as follows:

> Based on the record made today, it's the finding of the court, pursuant to Iowa Code section 321J.2, 902.8 and 902.9, that you're committed to the custody of the director of adult corrections for a period as an habitual offender not to exceed [fifteen] years. That term of incarceration may be reduced by as much as half of the maximum sentence because of statutory good conduct time, work credits, and program credits. The defendant may be eligible for parole before your sentence is discharged. You may not be eligible for parole pursuant to section 902.8 until you've served the minimum sentence of confinement of three years.
>
> . . . .
>
> Mr. McElroy, part of that is I'm accepting what you and your attorney are telling me. And I'm also accepting what the department is telling me, which is they're going to hold you in jail until there's a bed in the halfway house and they're going to put you in the halfway house to go through the continuum.

The court further explained its reasoning:

> Of all the charges that come in front of the court, OWIs are one of the most difficult because they can happen to anybody basically who drinks. But any time it can happen, you can also kill somebody. The more you pick them up, the more dangerous in the court's eyes you are and more likely, as you've already noted, you could hurt somebody bad.
>
> So these are one of the crimes I consider the most dangerous to the community. You know, you're behind a 4000-pound vehicle under the influence. And when you do it repeatedly, I don't think you leave the court much option.
>
> But I understand what you're saying. I appreciate the progress you're making and I appreciate what you're telling me. Your understanding of the fact that you need to change your playground and playmates and that you need structure. I think the department is recognizing that by wanting to place you in the halfway house when there's a bed available.
>
> Frankly, there will be a bed available faster in prison than there would be if I put you in jail, for example. That's simply the way the system works. They'll get you out of prison faster to get you into the halfway house.

The court also added:

> So with that in mind, that's going to be the court's order. It's my reading of the interpretation of the statutes between 321J.2 and 902.8 that once I sentence you as an habitual offender, there's no fine imposed.
> . . . I think that's the tradeoff of getting [fifteen] years, as opposed to getting the standard five-year sentence and getting the mandatory minimum fine.

On appeal, McElroy argues that "[a]ll of the Court's stated reasons for imposing the sentence here relate solely to the nature of a repeat OWI offense." He further claims that "none of the Court's articulated reasoning expresses why the Court has exercised discretion to impose habitual offender sentencing in this case." We disagree. The sentencing court provided an adequate statement for our review as it "recites reasons sufficient to demonstrate the exercise of discretion and indicates those concerns which motivated the court to select the particular sentence which it imposed." *State v. Garrow*, 480 N.W.2d 256, 259 (Iowa 1992).

We have held that a district court did not abuse its discretion under similar circumstances to those in this case when the court discussed the defendant's prior OWI offenses, the defendant's unsuccessful treatment attempts, and the interests of public safety in its sentencing colloquy. *See, e.g.*, *State v. March*, No. 16-2108, 2018 WL 347720, at *1 (Iowa Ct. App. Jan. 10, 2018); *State v. Rose*, No. 13-0451, 2014 WL 250247, at *3–4 (Iowa Ct. App. Jan. 23, 2014) (holding the district court provided adequate reasons and did not abuse its discretion in imposing habitual offender sentence enhancement for OWI, fourth offense).

Based on the court's discussion of McElroy's four prior felony convictions, consideration of the presentence investigation report, consideration of McElroy's

need for treatment, and recognition that it could impose "the standard five-year sentence," it is clear the court appreciated and exercised its discretion to impose the habitual offender enhancement. *See Thacker*, 862 N.W.2d at 408. In addition, the written sentencing order explained that the court selected the option that provided "the maximum benefit for rehabilitation of the defendant, the protection of the community, and should act as a deterrent to the defendant, and others, to any future offenses." These considerations sufficiently explain the court's reasons for imposing the habitual offender sentence. It was not obligated to explain why it decided against other sentencing options. *See Loyd*, 530 N.W.2d at 713–14.

### III. Conclusion

The sentencing court's statement provided sufficient reasoning for exercising its discretion in imposing the habitual offender sentencing enhancement as the reasons for exercise of its discretion are obvious in light of the court's statement and the record before the court. Finding no abuse of discretion, we affirm.

**AFFIRMED.**